## JENNINGS v. JOHNSON et al.

(Circuit Court of Appeals. Fifth Circuit. October 16, 1906.)

No. 1,507.

**1.** PROCESS—VALIDITY OF SERVICE—TERRITORIAL JURISDICTION OF COURT.

In the absence of express statutory authority, there is no power in a court to order personal service of process upon a defendant beyond its territorial jurisdiction.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 40, **Process,** § 70.]

**2.** COURTS—JURISDICTION OF FEDERAL COURTS—LOCAL SUITS.

Section 8 of the federal judiciary act of 1875 (Act March 3, 1875, c. 137, 18 Stat. 472 [U. S. Comp. St. 1901, p. 513]), prescribing the practice for bringing in nonresident defendants in local suits for the enforcement of liens, etc., must be strictly followed, and the provisions that the court may make an order "directing such absent defendant or defendants to appear, plead, answer or demur, by a day certain to be designated, which order shall be served on such absent defendant or defendants, if practicable wherever found," and that on proof of such service "it shall be lawful for the court to entertain jurisdiction," are not met by an order merely directing the service of process on a defendant by the marshal of another district, and such service of a subpœna in the usual form does not confer jurisdiction.

**3.** APPEAL—RIGHT OF APPEAL—PREPAYMENT OF COSTS.

The clerk of a circuit court is not authorized by law to require an appellant to pay the costs which accrued to him and the marshal prior to the appeal as a condition to his transmission of the record to the appellate court, where the appellant has given a supersedeas bond in conformity to rule 13 of the Circuit Court of Appeals.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 2, **Appeal and Error,** § 1998.]

Appeal from the Circuit Court of the United States for the Southern District of Georgia.

Isaac Hardeman and Geo. S. Jones, for appellant.

Ellis, Wimbish & Ellis (W. D. Ellis and W. A. Wimbish, on the brief), for appellees.

Before SHELBY, Circuit Judge, and MEEK, District Judge.

SHELBY, Circuit Judge. 1. This was a foreclosure suit brought by Ligon Johnson and George A. Speer, as receivers of the Atlanta National Building & Loan Association, against O. L. Thompson and Charles W. Jennings. The real estate sought to be condemned was situated in the district where the suit was brought. In the progress of the case it was made to appear that the defendant, Charles W. Jennings, resided without the territorial jurisdiction of the court. Thereupon the following order was made by the court:

"It being made to appear to the court from the affidavit of Charles W. Jennings, one of the defendants to the ancillary petition above stated, that he resides without the territorial jurisdiction of this court, to wit, in the city of San Francisco, California, it is thereupon ordered that service of process upon said Charles W. Jennings be made by the marshal for the Northern district of the state of California, and in default thereof, that service be had by publication, as prescribed by the statute in such cases. This 2nd day of June, 1902."

148 F.—22

A subpœna in equity was issued, presumably pursuant to this order, directed to the defendant, Charles W. Jennings, commanding that:

"You personally be and appear at the clerk's office of the said court in the city of Macon, at rules to be had on the first Monday in April next to answer to those things which shall then and there be objected to you in an ancillary petition filed by the receivers of the Atlanta National Building & Loan Association, and to do further and receive what the said court shall have considered in that behalf. * * *"

This subpœna and an uncertified copy of the foregoing order was served on Charles W. Jennings in the Northern district of California by the United States marshal of that district, acting by his deputy. Charles W. Jennings, limiting his appearance for that purpose, moved to set aside the service, because no order was made directing that he appear, plead, answer, or demur by a day certain, and because such service was not effective to require him to appear, plead, answer, or demur to the bill. This motion was overruled, and afterward the court rendered a final decree granting the relief prayed for and directing the sale of the property described in the bill. Charles W. Jennings thereupon appealed to this court, and assigns that the court erred in rendering the final decree, for the reason that the court was without jurisdiction because no warning order was made, as required by law, and that the defendant, being a nonresident of the district, could not be served while out of the district with a subpœna issuing out of said court, and that the alleged service upon the defendant, being made without the territorial jurisdiction of the court, was wholly ineffective. The only authority for the Circuit Court to proceed in a case like this is found in section 8 of the act of March 3, 1875 (18 Stat. 472, c. 137 [U. S. Comp. St. 1901, p. 513]). We quote the entire section, but we place in italics the part of it that is especially applicable to this case:

"Sec. 8. That when in any suit, commenced in any Circuit Court of the United States, to enforce any legal or equitable lien upon, or claim to, or to remove any incumbrance or lien or cloud upon the title to real or personal property within the district where such suit is brought, one or more of the defendants therein shall not be an inhabitant of, or found within, the said district, or shall not voluntarily appear thereto, it shall be lawful for the court to make an order *directing such absent defendant or defendants to appear, plead, answer, or demur, by a day certain to be designated, which order shall be served on such absent defendant or defendants,* if practicable, wherever found, *and also upon the person or persons in possession or charge of said property,* if any there be; or where such personal service upon such absent defendant or defendants is not practicable, such order shall be published in such manner as the court may direct, not less than once a week for six consecutive weeks; and in case such absent defendant shall not appear, plead, answer or demur within the time so limited, or within some further time, to be allowed by the court, in its discretion, *and upon proof of the service or publication of said order, and of the performance of the directions contained in the same, it shall be lawful for the court to entertain jurisdiction, and proceed to the hearing and adjudication of such suit in the same manner as if such absent defendant had been served with process within the said district*: but said adjudication shall, as regards said absent defendant or defendants without appearance, affect only the property which shall have been the subject of the suit and under the jurisdiction of the court therein, within such district, and when a part of the said real or personal property against which such proceedings shall be taken shall be within another district, but within the same state, said

suit may be brought in either district in said state; provided, however, that any defendant or defendants not actually personally notified as above provided may, at any time within one year after final judgment in any suit mentioned in this section, enter his appearance in said suit in said circuit court, and thereupon the said court shall make an order setting aside the judgment therein, and permitting said defendant or defendants to plead therein on payment by him or them of such costs as the court shall deem just; and thereupon said suit shall be proceeded with to final judgment according to law." 18 Stat. 472 [U. S. Comp. St. 1901, § 8, p. 513].

No principle is more vital to the administration of justice than that no man should be deprived of his property without notice and an opportunity to make his defense. When he is within the territorial jurisdiction of the court, notice is uniformly given by the issuance and service of process calling on him to defend. In the absence of express statutory authority, there is no power in a court to order actual personal service of process upon a defendant beyond its territorial jurisdiction. We know of no federal statute which authorizes the Circuit Court to direct the issuance and service of process on a defendant who is not within the territorial jurisdiction of the court. The statute which we have quoted—and it is that alone which confers jurisdiction on the Circuit Court in a case like this—directs that an order be made requiring the absent defendant to appear, plead, answer, or demur to the plaintiff's declaration, petition, or bill by a day certain, to be designated in the order, and it is this order which is to be served on the absent defendant. If the order cannot be served, the statute provides for notice by publication. It is only after complying with these requirements of the statute that it is made "lawful for the court to entertain jurisdiction and proceed to the hearing and adjudication of such suit in the same manner as if such absent defendant had been served with process in the district." The order that is relied on to confer jurisdiction in this case does not require the defendant to appear, plead, answer, or demur to the plaintiff's bill within a designated time. It contains only the direction "that service of process be made on the defendant by the marshal for the Northern district of the state of California, and in default thereof that service be had by publication." It has been suggested by the learned counsel for the appellees that the subpœna should be looked to to supply the deficiencies in the order, and that the subpœna required the defendant to appear on the first Monday in April following its issuance. The statute clearly intends that the court should set the time within which the defendant should plead, answer, or demur. In many cases it would be proper to give a much longer time than would be allowed by the terms of a subpœna in equity issued in the usual form. Besides, there is nothing in the statute to indicate that Congress intended to confer the authority to issue process to and serve it on defendants without the territorial jurisdiction of the court. Statutes conferring jurisdiction to proceed against absent parties are strictly construed. In such cases, to permit the court to assume jurisdiction without conforming to the statute, would be to dispense with the forms of law prescribed by Congress for the security of absent parties. In the practice in this circuit, orders made in the progress of a suit in equity are usually prepared by the solicitors and presented to the court. The solicitors

should aid the court by having the orders so written as to conform to the statutes. Mr. Bates, in his work on Federal Equity Procedure, gives a clear statement of the practice in cases like this, but he is inclined to follow those cases which require the most rigid adherence to the terms of the statute. 1 Bates on Federal Equity Procedure, § 158. The order in question in this case does not even substantially conform to the statute, and it follows that no such service was had on Jennings as to confer jurisdiction to render the final decree condemning his property.

2. There is a question in this case relating to costs, on which it seems proper that we should express an opinion. It is contended by the learned solicitors for the appellees that "the appellant should be required to pay the costs in the Circuit Court before this appeal is entertained by this court." To make the exact question apparent, a further statement is required. The final decree from which this appeal is taken is one foreclosing a mortgage on land, and directing that the funds which arise from the sale shall be applied, first, "to the payment of the costs of this cause, together with the costs and expenses of executing this decree," and then to the amount found due on the mortgage. The appellant took his appeal from this decree, and the judge granted the appeal "upon the filing of a bond in the sum of $600, with good and sufficient security to be approved by the court." The bond having been presented to the court, it was further ordered:

"Said bond, having been presented, is hereby approved, and it is hereby ordered that said appeal shall operate as a supersedeas of said decree of July 14, 1905."

This order allowing the appeal, together with the bond and other papers relating to the appeal, were filed in the clerk's office, and the appellant's solicitors requested the clerk to transmit the record to this court in accordance with the citation. The clerk presented to the appellant's solicitors the bill of costs, embracing the entire costs in the court below, together with the estimate of the costs of the transcript on appeal, and requested that the entire bill be paid, and, in fact, refused to forward the record to this court until the entire costs were paid. The solicitors for the appellant thereupon paid the clerk's costs for entering and filing the papers on appeal, and the estimated costs of the transcript on appeal, the fee for certificate and seal to be attached to the transcript, and the expressage charges, all amounting to $29.45. The solicitors, however, refused to pay the general bill of costs taxed by the clerk as due to him as fees in the court below and the marshal's costs as by bill rendered by him. Application was made to one of the judges of this court to require the clerk to forward the transcript to the court without the payment of the general bill of costs so presented. Pending this application, the question which it involved was, by agreement between the clerk and the solicitors, submitted to this court by petition; the clerk agreeing to forward the record to this court, not waiving his right to be paid in advance for all the costs incurred in the court below, but submitting his contention to be decided by this court.

The question raised by this branch of the case is whether or not the clerk is authorized by law to require an appellant to pay the costs

which accrued to him and the marshal prior to the appeal, before it becomes his duty to transmit the record to the appellate court. It is contended on behalf of the clerk, in the brief filed here for him, that it has long been the established practice in the court below in all cases "to require appellants to pay all costs of suit, including the cost of transcript, before the record is transmitted to the appellate court." It is provided by statute that:

"Every justice or judge signing a citation on any writ of error, shall, except in cases brought up by the United States or by direction of any department of the government, take good and sufficient security that the plaintiff in error or the appellant shall prosecute his writ or appeal to effect, and, if he fail to make his plea good, shall answer all damages and costs, where the writ is a supersedeas and stays execution, or all costs only where it is not a supersedeas as aforesaid." Act Sept. 24, 1789, 1 Stat. 84 [U. S. Comp. St. 1901, § 1000, p. 712].

Rule 13 of this court is founded on this statute, and, we think, answers the question involved here. It is as follows:

"(1) Supersedeas bonds in the Circuit and District Courts must be taken, with good and sufficient security, that the plaintiff in error or appellant shall prosecute his writ or appeal to effect, and answer all damages and costs if he fails to make his plea good. Such indemnity, where the judgment or decree is for the recovery of money not otherwise secured, must be for the whole amount of the judgment or decree, including just damages for delay, and cost and interest on the appeal; but in all suits where the property in controversy necessarily follows the suit, as in real actions and replevin, and in suits on mortgages, or where the property is in the custody of the marshal under admiralty process, or where the proceeds thereof, or a bond for the value thereof, is in the custody of the court, indemnity in all such cases will be required only in an amount sufficient to secure the sum recovered for the use and detention of the property, and the costs of the suit and just damages for delay, and costs and interest on the appeal.

"(2) On all appeals from any interlocutory order or decree granting or continuing an injunction in a Circuit or District Court, the appellant shall, at the time of the allowance of said appeal, file with the Clerk of such Circuit or District Court a bond to the opposite party in such sum as such court shall direct, to answer all costs if he shall fail to sustain the appeal."

From an examination of the record it appears that the only decree for the payment of costs is the final decree, dated July 14, 1905, which is the decree appealed from, and that decree is superseded by the express terms of the order allowing the appeal:

"Said bond having been presented, is hereby approved, and it is hereby ordered that said bond shall operate as a supersedeas of said decree of July 14, 1905."

The entire decree is superseded. It could not be enforced either as to principal, interest, or costs so long as the supersedeas was in force. To require an appellant to pay the entire costs in the court below before he could obtain the transcript for the appellate court would, in many cases, be to deny him the right of appeal. He might be amply able to conform to the rules of this court and with the order of the judge as to giving bond, and yet be unable to pay the entire costs of the court below. Where the opposing party was insolvent and had given no bond, the appellant would be unable to recover the costs, although he was successful in the appellate court.

Responding only to the question raised by this record, which involves only the costs which accrued before the appeal, the appellant having voluntarily paid that part of the costs which relates to the appeal, we are of opinion that the clerk had no right to require the appellant to pay the costs taxed in the court below before the appeal as a condition upon which the transcript would be sent to this court.

For the want of proper legal service upon the defendant, the decree of the Circuit Court is reversed, and the cause is remanded for further proceedings in accordance with equity and the opinion of this court.