The Sussex Trust Company, Executor of the Last Will and
Testament of Joseph W. Marsh, deceased,

*vs.*

Margaret E. Polite, and Others

*Sussex, June* 17, 1918.

A direction to an executor to sell real estate imposes on the executor
such a trust duty as entitles him to instructions of a court of equity as to the
performance of his duties and the identity of the land to be sold.

A devisee, claiming a mere legal estate, cannot come into equity for the
sole purpose of obtaining a construction of the will.

Bill for Instructions to Executor.    The bill is that of an
executor for instructions concerning the will of the decedent to
guide in the performance of duties imposed on the executor by
the will.    By the second item of his will the testator ordered, author-
ized and directed his executor to sell all his goods and chattels and real
estate of which he might be seized at his death, excepting the land
"hereinafter more particularly devised."    The fifth item of the
will is as follows:

"Fifth.    I give and devise unto Margaret E. Polite, should she be living
at the time of my death, all that certain tract, piece or parcel of land, situate
in Sussex County, Delaware, where I now reside, lying on both sides of the
county road leading from Millsboro to Lewes, adjoining lands of Joseph Moore,
Erasmus W. W. Marsh and others, containing forty-five acres, more or less,
for and during the term of her natural life, and at her death the said property
go to Dr. Joseph M. Martin, his heirs and assigns forever."

By the sixth item of his will the testator directed that after
the executor had made sale of his real estate not specifically devised,
the proceeds be divided in certain shares among certain persons
named.

It was alleged that after making his will, the testator sold
and conveyed the land referred to in item fifth above, and on the
same day acquired another tract of land adjoining and contiguous
to the residue of the land mentioned in that item, but did not
thereafter republish his will.    The devisees mentioned in item fifth
claim that this after-acquired land was devised absolutely to them,
while the residuary legatees of the will claim that it is part of the

residue and should be sold according to the directions of the will so that the proceeds thereof may be distributed to and among them. Having converted into money all the property of the decedent except this land acquired after the date of the will, and being in doubt as to its duties with respect to that land, the complainant brought into court as defendants all the persons interested including those claiming to be devisees under item fifth and also the persons who as residuary legatees are entitled to shares of the residuary estate when converted into money, and asks that the will be construed, and that the court determine whether the executor should sell the after-acquired land, or whether it had been devised under item fifth.

One of the defendants, Margaret E. Polite, the devisee for life of the after-acquired land under item fifth of the will filed a general demurrer to the bill as not containing "any matter of equity whereon this court can ground any decree and give to the complainant relief against the defendant."

At the time of the argument of the demurrer none of the other defendants had demurred, pleaded to or answered the bill.

*Joseph L. Cahall*, for the complainant.

*Robert C. White*, for the demurring defendant.

THE CHANCELLOR. The legal position taken by the solicitor for the demurring defendant, the life tenant mentioned in the fifth item of the will, is that the question as to the title to the after-acquired land depends upon the testamentary intention, and urges that if the testator intended the land acquired by him to become a part of the tract devised, then it passed under item fifth. He urges in his brief that this testamentary intention is to be determined by evidence dehors the will, such as the dealing of the testator with the land after its acquisition, evidence as to whether he used the land as a part of the same tract which he devised under item fifth, and his statements concerning it; and inasmuch as this involves the determination of the legal title to land, the question must be tried in a court of law and the Court of Chancery is without jurisdiction.

The authorities cited for the demurrant do not sustain the position, for they were all cases where one devisee filed a bill against another for a construction of the will, and in none of them

was an executor or administrator a complainant seeking instructions for the performance of duties imposed by the will.

Of course, a devisee claiming a mere legal estate cannot come into equity for the sole purpose of obtaining a construction of the will. 3 *Pomeroy on Equity Jurisprudence*, § 1155; *Bowers v. Smith*, 10 *Paige* (*N. Y.*) 193; *Frank v. Frank*, 88 *Ark.* 1, 113 *S. W.* 640, 19 *L. R. A.* (*N. S.*) 176, 129 *Am. St. Rep.* 73, with exhaustive notes. When, however, a court of equity is asked by an executor or trustee to give instructions respecting the correct administration of power conferred by will, it will as an incident to the trust construe the will. *Chipman v. Montgomery*, 63 *N. Y.* 221, 230. The Court of Chancery in this State has frequently construed wills in order to instruct an executor or trustee as to the proper discharge of his duties, and in some cases the disposition of real estate of the decedent, or of the proceeds of the sale thereof, was involved. In such cases the jurisdiction was not questioned.

A direction to an executor to sell real estate of the decedent imposes on the executor such a trust duty as entitles him to instructions of a court of equity as to the performance of his duties. In the case of *Mellen v. Mellen*, 139 *N. Y.* 210, 34 *N. E.* 925, a power of sale given to an executor, which was not a direction to sell, was held to give a court with equity power and jurisdiction to instruct the executor on his application, though it did not justify the invocation of the powers of the court by a devisee of the land. This distinction is sound. Therefore, if an executor with a power to sell land may be instructed, an executor who has been directed to sell land and divide the proceeds may be instructed. True, in this case there is no dispute or uncertainty as to the persons entitled to have the proceeds of the sale, or the shares they are to receive. But the executor does by the allegations of the bill need instructions as to what land is to be sold by him pursuant to the direction of the will. This establishes the jurisdiction according to the allegations of the bill.

It quite sufficiently appears from the argument of counsel for the demurring defendant that there are, or may be, facts which have an important bearing on the testamentary intention as to the identity of the land described in item fifth of the will, some of which facts he suggested. These may be proved as well in the

Court of Chancery as in any other court, and in a case where all the persons interested are parties. This is particularly true in the case before this court, because the devisee and all the persons entitled to portions of the residuary estate which would include the proceeds of the sale of land of the decedent are brought in as parties. In such a controversy between the devisee and residuary legatees the trustee does not take sides, and is only interested in bringing in the parties and following the instructions of the Court after it has decided to what land the direction to sell applies.

It was urged by the solicitor for the complainant that the Court has jurisdiction because the direction to sell works an equitable conversion of the land into personalty, and admittedly the Court has jurisdiction to instruct an executor as to legacies as gifts of personal property. This may be a correct position, but it is not necessary to so decide in order to sustain the jurisdiction of the Court of the subject-matter raised by the bill. Indeed, in no other way can the question of testamentary intention be ade-quately determined, than in and by such a bill as that filed by the executor. The persons really interested are the residuary legatees, who have not the legal title to any land of the testator, and are entitled only to the proceeds of the sale thereof. They cannot by action at law test the title to the land mentioned in item fifth. It is also more than doubtful if the legal title thereto is in the executor, who was not in terms a devisee of the land, but was given a power or direction to sell it for the purpose of division. *Lockwood v. Stradley,* 1 *Del. Ch.* 298, 306, 12 *Am. Dec.* 97.

Inasmuch, then, as the executor is the complainant seeking to establish the identity of the land to be sold in order to sell it as directed by the will, and in order to perform safely and correctly such duties, needs instructions of the court to be given after it has heard all the persons interested, this court has the right and duty to grant it the relief.

The demurrer will be overruled.

NOTE. For opinion after final hearing see *post p.* 64.