**FOUKE et al. v. SCHENEWERK et al.**

No. 13860.

United States Court of Appeals
Fifth Circuit.

June 18, 1952.

Will Steel, Frank S. Quinn, Texarkana, Ark., C. M. Kennedy, Texarkana, Tex., for appellants.

C. C. Renfro, Dallas, Tex., for appellee.

Before HOLMES, BORAH, and RIVES, Circuit Judges.

HOLMES, Circuit Judge.

This suit was filed by the appellees against appellants "as an action in trespass to try title and as an action for declaratory judgment," as stated in the complaint of the plaintiffs below, appellees here. They prayed for the recovery of all the surface and one-half the mineral rights to a tract of land in Texas, and for such other and further relief as they were entitled to in the premises. Federal jurisdiction of the controversy depended solely upon diversity of citizenship between the parties; the amount involved was alleged to be over three thousand dollars, exclusive of interest and costs.

The complaint alleged that both plaintiffs were citizens of Texas; but as to the defendants, the allegation was that "each of them resides in the State of Arkansas." It is apparent from affidavits and other portions of the record, however that some of the defendants were citizens of Texas and others were citizens of Arkansas. Consequently, the court had no juris-diction of the controversy at the time judgments by default were taken against some of the appellants. There is also considerable doubt about the validity of the service of process on the non-resident defendants, one of whom was a minor, Jennings v. Johnson, 5 Cir., 148 F. 337; but, since the court was without jurisdiction of the subject matter, we need not pass upon the validity of the process on the non-resident defendants.

While a motion to set aside said judgment by default was pending before the court, the motion of the plaintiffs to dismiss as to several defendants, who were citizens of Texas, was sustained, and a so-called corrected default judgment rendered as to them, which amended judgment eliminated the citizens of Texas as defendants therein and dismissed them as parties to the litigation.

In their motion to dismiss as to Richard Lee Fouke, a minor, plaintiffs said that they had no knowledge of his being a minor at the time he was made a party to this suit; as to the other Texas citizens who were originally made parties-defendants, they claimed that they were inadvertently made parties, and prayed that each of them be dismissed and "that the judgment be corrected to show that it does not affect their interest, if any." This motion was sustained by an order which, among other things, said that "their rights, if any, in the subject matter of this suit shall not be prejudiced by such amended judgment." Nevertheless, in the judgment under review on this appeal, the court found that the real estate and one-half of the minerals described in the complaint were the property of the plaintiffs, and rendered a declaratory judgment to that effect. The judgment further provided as follows: "The plaintiffs will be entitled to copies of this judgment as a muniment of title upon the payment by them to the Clerk of the fee for certified copies."

Doubtless the plaintiffs below were confronted by a dilemma. They were not seeking to cancel the deed, but to construe and validate it. They knew who were the interested parties, and joined them as defendants, but they were mistaken in thinking that some of them were not permanently residing in Texas. When it developed that

some of them were citizens of Texas and that the court below had no substantive jurisdiction of the controversy (although it had entered a default judgment against all of the defendants), the order of dismissal was entered and amendment as above stated was made. At the time this was done, the defendants were present in court, praying that the plaintiffs' motion to exclude them be denied, that they be given their day in court, that the default judgments rendered against them be set aside, and that they be permitted to plead to the jurisdictional issue tendered by the complaint and, if necessary, that they be permitted to answer the complaint on its merits.

The presence of these excluded parties was indispensable to the complete relief sought by the plaintiffs. If the absent parties' claim is valid, they are the owners of an undivided one-fourth interest in the minerals in and under the lands described in the complaint. They claim that this interest was excepted from the deed relied upon by the plaintiffs. It would not be possible for the court to uphold the plaintiff's contention as to the validity of this deed without prejudicing the rights of the defendants that were eliminated by the court below in an effort to cure its lack of jurisdiction. The judgment appealed from established that deed as a muniment of plaintiffs' title, and if permitted to stand would seriously prejudice the right and title of all the defendants.

The defendants that were dismissed from this action are the children and devisees of H. P. Fouke, deceased, whose executrix and trustee executed the deed in question; other children of the same deceased were retained as defendants, though they had no greater interest in this suit than those who were excluded. The children and devisees of C. W. Fouke, deceased, are in the same position as those of H. P. Fouke, deceased. It is apparent, therefore, that the children of these two decedents were sought to be retained or excluded as parties litigant, not because some were indispensable parties and others merely proper parties, but solely because some were citizens of Texas and others were citizens of Arkansas, the citizens of Texas being excluded from the case.

■ There is nothing in this record to show that the executrix and trustee of C. W. Fouke or of H. P. Fouke represented the children of C. W. Fouke or H. P. Fouke, respectively. Estoppel applies only to those in privity. Donor and donee are in privity of estate, as are a lessor and lessee; an heir is in privity with his ancestor; an executor is in privity with his testator; a trustee is in privity with his trustor; but there is not necessarily any privity of estate or by blood between heirs and trustees or executors. There is nothing in this record to show that the Fouke children are estopped to prove the facts about the ownership of this land and the one-fourth mineral interest therein. There is nothing to show what authority was granted to the executors and trustees or what title they had to the land in controversy.

■ There is no reason in this case for a court of equity to strain hard to find a way to adjudicate the merits of this controversy in the absence of interested parties whose presence was readily obtainable if it had not already actually been obtained. The decision of this controversy is governed by the local law of Texas; and the courts of Texas are open to the plaintiffs and fully competent to acquire jurisdiction *in rem* if not *in personam*. As to the indispensability of the dismissed parties, see Calcote v. Texas Pac. Coal & Oil Co., 5 Cir., 157 F.2d 216, 167 A.L.R. 413, and authorities cited in notes 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, and 14. Also see opinion of the court on petition for rehearing in the same case, 157 F.2d 224.

The judgment appealed from is reversed, and judgment rendered here dismissing the action for lack of substantive jurisdiction.

Reversed and rendered.