Elizabeth Hume **HILL**, Plaintiff,

v.

Angela R. **CARMAN**, a/k/a Angela R. Hume and Mrs. Alan Phillips Hume, and Elise Hume Hotchkiss, Individually, and as Co-Executrices of the Estate of Alan Phillips Hume, Deceased, Defendants.

**Civ. A. No. 3765.**

United States District Court,
D. Delaware.

Jan. 8, 1974.

Richard E. Poole of Potter, Anderson & Corroon, Wilmington, Del., for plaintiff Elizabeth Hume Hill.

Robert W. Tunnell of Tunnell & Raysor, Georgetown, Del., for defendant Angela Hume.

## OPINION

LAYTON, District Judge.

This case raises complicated questions as to the jurisdiction of a federal court to hear and decide issues involving the proper administration and distribution of the assets of the Estate of Alan Phillips Hume, a resident of Sussex County, Delaware, who died testate on October 5, 1957.

Decedent had three daughters by a first marriage. They are Elise Hume Hotchkiss, Marion Hume Brown, and Elizabeth Hume Hill. Also surviving are Angela R. Hume, Testator's second wife, and her daughter by a prior marriage, Angela Carman Potter.

By this Will, Deceased left $100.00 to his wife, Angela; ⅓ of the rest and residue to his step-daughter, Angela Carman Potter; and the remaining ⅔ of the estate to be divided equally between his three daughters, above named. He named as executrices his daughter Elise Hotchkiss and his wife, Angela. After Testator's death, his wife, one of the Defendants, renounced the will and claimed a widow's allowance and rights under Delaware law.

Elizabeth Hume Hill, one of Testator's daughters, a resident of Washington, D. C., brings this action against the said Angela Hume, a Delaware resident, and Elise Hotchkiss,[1] a Virginia resident, individually and as co-executrices of the estate. She alleges that, through a scheme of various fraudulent misrepresentations, Mrs. Hume has diverted valuable property from the estate. She contends that because the Defendant[2] had a sizeable judgment outstanding against her, she caused these properties to be diverted to her nominees: Angela Carman Potter and Carman Studios, a corporation allegedly controlled by Defendant. More specifically, she alleges that Defendant improperly caused the decedent to transfer numerous properties in Washington to her nominees with the representation that the properties would be held for their benefit; that while the decedent was incapacitated

---

1. The Defendant, Elise Hume Hotchkiss, co-executrix, has filed an answer in which she states that: "[S]he is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the complaint but she unites in the prayer of the complaint that the issues therein raised be determined and decided therein." Also, Marion Hume Brown, the remaining daugh-

ter, has filed an affidavit which says: "I have not been joined as a party in the above captioned action as I do not desire to be involved in the controversy. I have no objection to the issues raised in the case being determined and decided."

2. From this point on, whenever the word Defendant is used, it shall mean Angela Hume.

prior to his death, Defendant caused decedent to transfer further properties in Washington, mortgage a duplex in Delaware, and transfer various checking and savings accounts to the benefit of Defendant; that Angela Potter took ⅓ of the residuary estate as nominee of the Defendant; and that as personal representative, Defendant refused to recover these properties, and renounced the will while at the same time allowing the claim of her nominee, Mrs. Potter.

The complaint prays: (1) that Angela Hume be removed as executrix and a new executor be appointed; (2) that the Defendant be made to account for property allegedly improperly diverted from the estate; and, finally, (3) that the Court construe the devise to Mrs. Potter as a trust in which she takes for the Defendant, that the trust failed when Mrs. Hume took her elective share, and that the corpus passes by the residuary clause. Additionally, Plaintiff asks that the Court enjoin pendente lite distribution of the estate.

Diversity of citizenship being present, this Court would normally have jurisdiction of the case. However, Defendant has filed a motion to dismiss upon the ground that a federal court is without jurisdiction over matters having to do with probate and the administration of estates. Defendant also moves to dismiss for failure to join an indispensable party, Mrs. Potter. Plaintiff, in turn, has filed a cross motion for partial summary judgment.

■ Defendant correctly asserts that probate matters are excepted from federal diversity jurisdiction. However, the exception is not absolute. While a federal court will not take jurisdiction of matters strictly probate in nature,[3] where diversity of citizenship is present, it will hear an inter partes action relating to probate matters which is historically recognized at law or equity and which is cognizable in a state court of general jurisdiction.[4]

Without deciding the point, it may be said that Plaintiff has stated a properly cognizable cause of action,[5] at least with

---

3. See, In re Broderick's Will, 88 U.S. 503, 22 L.Ed. 599 (1874); Comstock v. Herron, 55 F. 803 (6th Cir. 1893); Byers v. McAuley, 149 U.S. 608, 13 S.Ct. 906, 37 L.Ed. 867 (1893); Gaines v. Chew, 43 U.S. 619, 11 L. Ed. 402 (1844); Sutton v. English, 246 U.S. 199, 38 S.Ct. 254, 62 L.Ed. 664 (1918).

4. This statement is not intended to be exclusive. In fact, there are a number of cases which uphold diversity jurisdiction where plaintiff brings an action cognizable in a state court of general jurisdiction but which was not historically recognized at law or equity. See, Wright Federal Courts at p. 85. However, no such statutory action has been recognized in Delaware. The Delaware Chancery Court adheres to the traditional equity power of the English Court of Chancery in 1776. Theisen v. Hoey, 29 Del.Ch. 365, 51 A.2d 61 (1947). Therefore, in this case, where Plaintiff relies on a Delaware cause of action, the Court's diversity jurisdiction as to probate matters is, like the state's court of equity, co-extensive with the power of the English Court of Chancery in 1776. See, Sutton v. English, 246 U.S. at 205, 38 S.Ct. 254.

Generally speaking, then, we can accept the proposition that, assuming diversity, this Court's jurisdiction as to probate matters is co-extensive with that of the Delaware Chancery Court, which is the state court of general jurisdiction in which a plaintiff can bring an historically recognized inter partes action relating to probate matters.

5. First, Plaintiff demands that the Defendant be removed as executrix. It appears that the Chancery Court, and therefore this Court, has the power to remove a faithless executor. See, letter opinion of Vice Chancellor Marvel, In the Matter of the Estate of Alexia duPont DeBie, dated June 12, 1973, and 4 Pomeroy's Equity Jurisprudence (5th Ed.) § 1154 at 416–417.
Second, Plaintiff seeks the appointment of another executor. While the Court finds that this power falls within the "core" probate area into which a Court of Chancery will refuse to venture, no problem is envisioned. Upon removal, an interested party may petition the Register for appointment of a successor. 12 Del.C. § 1505.
Third, Plaintiff demands an accounting. It also seems that the Chancery Court, and

respect to a good part of the relief requested. However, the case must be dismissed for failure to join an indispensable party, Mrs. Potter.

■ Whether a party is indispensable is a question of federal rather than state law,[6] and involves an interpretation of Rule 19(a) and (b) F.R.C.P. The application of Rule 19 is a two-step process. First, subdivision (a) defines the persons whose joinder in the action is desirable.[7] Second, when a person described in subdivision (a)(1)–(2) cannot be made a party, subdivision (b) provides that the court is to determine whether in equity and good conscience the action should proceed among the parties already before it, or should be dismissed.[8]

At the heart of the complaint lies Plaintiff's prayer that the Court: (a) construe the devise to Mrs. Potter as a trust under which she takes for the Defendant, (b) hold that the trust failed when Defendant took her elective share under the Will,[9] and (c) find that the corpus of such trust became a part of the residuary clause. Mrs. Potter's interest in this property makes her a person whose joinder in the action would be desirable as defined in 19(a)(1)–(2). However, she is a resident of Washington, D. C. and, if joined, would defeat the diversity jurisdiction of the Court. Therefore, joinder is not feasible and the Court must look to Rule 19(b) to determine whether she is indispensable.

Rule 19(b) suggests four "interests" that must be examined in each case to determine whether in equity and good conscience the Court should proceed without a party whose absence from the

therefore this Court, may require a faithless executor to account for property improperly diverted. Theisen v. Hoey, 29 Del.Ch. 365, 51 A.2d 61 (1947), Pomeroy's Equity Jurisprudence, §§ 1420, 1421.

Finally, Plaintiff asks that the Court construe the devise as a trust. A devisee claiming a mere legal estate cannot come into equity for the sole purpose of obtaining the construction of a will. Sussex Trust Co. v. Polite, 12 Del.Ch. 37, 105 A. 375 (1918). However, Plaintiff alleges that the property is not a "mere legal estate" but is a trust. Additionally, the action is not brought solely to construe the will, but is an action against the executor and, at least to the extent it involves personal property, rests on the implied trust relationship between the executor and the legatee. See, Pomeroy's Equity Jurisprudence, Vol. 4, § 1155 at 464. Finally, the Court recognizes the original, equitable jurisdiction over administrations (see, Glanding v. Industrial Trust Co., 28 Del.Ch. 499, 45 A.2d 553, 559–560 (S.Ct.1945) and that in Delaware the Register of Wills has but limited jurisdiction. (In re Estate of Morrow, 59 Del. 262, 219 A.2d 137 (Orphans' Court 1966)). Therefore, it would seem that this Court would have jurisdiction to construe the devise as a trust.

6. Provident Bank v. Patterson, 390 U.S. 102, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968).

7. Rule 19(a) provides in part: "A person . . . shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject to the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest."

8. (b) Determination by Court Whenever Joinder not Feasible. If a person as described in subdivision (a)(1)–(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

9. If the bequest to Mrs. Potter is a trust for the benefit of the Defendant, the Plaintiff contends that, by taking both her elective share and the property in trust, the Defendant is defrauding the estate.

litigation is compelled. They are: (1) the Plaintiff's interest in having a forum; (2) prejudice to the Defendant for failure to join Mrs. Potter; (3) Mrs. Potter's interest and the extent to which the proposed relief may, as a practical matter, impair or impede her ability to protect that interest; and (4) the interest of the courts and the public in complete, consistent, and efficient settlement of controversies. See, Provident Bank v. Patterson, 390 U.S. 102, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968).

It is my judgment that these four interests combine to require that the case be dismissed for failure to join an indispensable party. First, Plaintiff has a more than adequate alternative forum. Through the procedure of sequestration, 10 Del.C. Secs. 365, 366, she can insure the presence of all interested parties, incuding Mrs. Potter, in an action in the Sussex County Chancery Court. See, Perrine v. Pennroad Corp., 19 Del.Ch. 368, 168 A. 196 (1933).

Second, while there is no readily apparent prejudice to the Defendant for the failure to join Mrs. Potter, there is a clear prejudice to Mrs. Potter. After all, the Will, on its face at least, bequeaths a ⅓ interest to Mrs. Potter. As a devisee, she should have an obvious interest in defending her right to the property.[10] See, 96 C.J.S. Wills § 1088. Any in rem proceeding by the Court which would construe the will so as to deprive her of this property right without notice and a hearing would offend the most basic provisions of the Constitution. Nevertheless, Plaintiff contends that, in this inter partes action, the Court can, through its equitable jurisdiction over trusts,[11] find that Mrs. Potter takes as a trustee and hold that the trust fails. But even when the Court determines the indispensability of Mrs. Potter solely by the nature of the claim that she takes as a trustee, and looks to the devise as a trust, it is clear that under traditional principles a trustee is an indispensable party to an action involving the trust property. Lewis v. Hanson, 36 Del.Ch. 235, 128 A.2d 819 (S.Ct. Del.1957), affirmed 357 U.S. 235, 78 S. Ct. 1228, 2 L.Ed.2d 1283 (1958). In either case, whether she is a trustee or takes on her own behalf, where the object of the suit is to recover the property into the estate, Mrs. Potter, the one in possession, should be joined. See, Massachusetts & Southern Const. Co. v. Crane Creek Township, 155 U.S. 283, 15 S.Ct. 91, 39 L.Ed. 152 (1894).

Finally, the interest of the courts and the public in complete, consistent, and efficient settlement of controversies can best be served by integrating this cause of action in one forum where complete relief can be granted. Judge Holmes recognized this interst in Fouke v. Schenewerk, 197 F.2d 234 (5th Cir. 1952), where he found:

There is no reason in this case for a court of equity to strain hard to find a way to adjudicate the merits of this controversy in the absence of interested parties whose presence was readily obtainable. . . . The decision of this controversy is governed by the local law of Texas; and the courts of

---

10. Plaintiff contends that Mrs. Potter's deposition demonstrates beyond a doubt that she takes as a constructive trustee for her mother, Mrs. Hume. For three reasons, the Court cannot rely on this contention in determining indispensability. First, while the rule is that the indispensability of parties should be determined solely by the nature of the plaintiff's claim, no trust relationship is alleged in the complaint. See, Kuchenig v. California Co., 350 F.2d 551 (5th Cir. 1965) and Stevens v. Loomis, 334 F.2d 775 (1st Cir. 1964). Second, the evidence offered is not entirely clear and certainly not convincing.. (". . . he did that because he knew I would take care of my mother and he didn't want any trouble about the judgment. . . ." Potter Trs., p. 64). Finally, this is the very issue on which Mrs. Potter should be heard. To find that she takes as a trustee and then hold that as trustee she is not indispensable, is putting the rabbit in the hat.

11. See Page 585, footnote 5.

Texas are open to the plaintiffs and fully competent to acquire jurisdiction in rem if not in personam. 197 F.2d at 236.

Also, Judge Goldberg, in Broussard v. Columbia Gulf Transmission Company, 398 F.2d 885 (5th Cir. 1968), found:

> [D]ismissal of the suit does not significantly prejudice the appellants. We call attention to the Advisory Committee Notes. . . . [see Fed.Rules Civ.Proc. rule 19, 28 U.S.C. A., notes]. . . . The cause of action involved in this litigation could easily be brought in a state court of Louisiana. In fact, the suit involves activity on real property in which the State of Louisiana, rather than the federal judiciary, has a fundamental concern. Moreover, Mrs. Hebert, who had willingly travelled from Texas to Louisiana to enter the federal court action, could hardly claim inconvenience by being required to walk a few blocks from the federal to the state courthouse. 398 F.2d at 889.

See also, Reed, Compulsory Joinder of Parties in Civil Actions, 55 Mich.L.Rev. 479, 495. Similarly, there is no prejudice to Mrs. Hill in dismissing this suit. She has travelled from Washington, D. C. to bring this action in the federal court. She can hardly claim inconvenience by being required to go to the state courts. Indeed, she has already taken the necessary steps to preserve her right of appeal in the state court system.

One comprehensive cause of action in the Delaware courts would mean that those persons necessary to a complete settlement of the controversy can be joined and the entire matter can be concluded by a single suit, thus avoiding piecemeal litigation.

■ In applying the facts to the four interests protected by Rule 19, I find that Mrs. Potter is an indispensable party.

Submit order.