**REPUBLIC REALTY MORTGAGE CORPORATION**

v.

**EAGSON CORPORATION, United States of America and Department of the Treasury of the United States Internal Revenue Service.**\*

**Civ. A. No. 75–87.**

United States District Court, E. D. Pennsylvania.

May 30, 1975.

\* The action against the Department of the Treasury was dismissed as stipulated by and among counsel for the remaining above-named parties on April 22, 1975.

James A. Young, Philadelphia, Pa., for plaintiff.

Mark Braverman, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

BECHTLE, District Judge.

Plaintiff, a Delaware corporation, has brought this diversity action against defendant, a Pennsylvania corporation,

seeking judgment on a four hundred thousand dollar ($400,000.00) note, together with interest and costs, and to foreclose on a mortgage which secures that debt.[1]

On October 12, 1972, plaintiff, defendant, and Westinghouse Electric Corporation ("Westinghouse"),[2] a Pennsylvania corporation, entered into an agreement whereby plaintiff and Westinghouse each lent defendant $400,000 and each received in return a note as evidence of that debt. In addition, plaintiff and Westinghouse executed one mortgage upon certain premises located in Delaware County, Pennsylvania, as security for the payment of both $400,000 obligations. Plaintiff alleges that defendant breached its obligations as set forth in the above-mentioned documents[3] and is, therefore, entitled to bring this action in foreclosure.

■ Defendant has moved to dismiss the complaint for lack of subject matter jurisdiction stating that Westinghouse is an "indispensable" party under Rule 19 of the Federal Rules of Civil Procedure, whose joinder would destroy complete diversity.[4] Defendant also has moved to dismiss for failure to state a claim upon which relief can be granted. Since the Court finds that Westinghouse is an "indispensable" party for the below-stated reasons, we find it unnecessary to address defendant's second contention.

■ Rule 19, as revised in 1966, requires a two-step analysis to determine if a joinder of persons is needed for a just adjudication. First, should West-inghouse be joined if feasible under 19(a); and second, under 19(b), should the court proceed without Westinghouse, whose joinder would oust this Court of jurisdiction? Generally, Rule 19 entails a pragmatical rather than a "litmus paper" approach, focusing upon a realistic analysis of the facts of each case. *Provident Bank v. Patterson*, 390 U.S. 102, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968); *Isdaner v. Beyer*, 53 F.R.D. 4 (E.D.Pa.1971); 7 *Wright & Miller, Federal Practice and Procedure: Civil* §§ 1601–02 (1972); Advisory Committee's Notes to Amendments to Rules of Civil Procedure, 39 F.R.D. 69, 89–94 (1966).

■ It has often been held that joint obligees should be joined under 19(a) when suing an obligor. *See Wright & Miller, supra,* § 1613 at 126 n. 57 and cases cited therein. Counsel for the plaintiff takes the position that this action is merely to obtain satisfaction of the underlying debt (note), thereby not requiring the joinder of Westinghouse. The short answer is that the main thrust of this action is against defendant's land, upon which plaintiff and Westinghouse have but a single mortgage. Counsel for plaintiff then asserts that the mortgage, which secures both plaintiff's note and Westinghouse's note, creates several obligations or, at best, joint and several obligations in favor of plaintiff and Westinghouse so that either party may properly proceed to foreclose the mortgage. After examining all of the relevant documents in question, the Court is necessarily drawn to the conclusion that the obligation is joint.

---

1. Plaintiff also joined the United States, a junior tax lien holder, pursuant to 28 U.S.C. § 2410 (the lien was superior to plaintiff's mortgage, but was subordinated to the mortgage by agreement dated October 20, 1972; *see* plaintiff's complaint, ¶ 35). As to whether or not the United States must be joined in this foreclosure action, *see* 12 P.S. §§ 2441–2444 as construed in *United States v. Brosnan*, 264 F.2d 762 (3d Cir. 1959), *aff'd*, 363 U.S. 237, 80 S.Ct. 1108, 4 L.Ed.2d 1192 (1960).

2. Defendant had previously leased to Westinghouse a building and certain premises appurtenant thereto, all of which form part of the property subject to the mortgage which plaintiff is seeking to foreclose.

3. *See* Exhibits I, II, and III attached to plaintiff's complaint.

4. It should be noted that a motion to dismiss for failure to join a party under Rule 19 is properly made pursuant to Fed.R.Civ.P. 12(b)(7).

The purpose behind all of the October 12 agreements was to provide defendant with the money to complete renovation work on the mortgaged premises. To reach that goal, both plaintiff and Westinghouse put $400,000 in a joint fund which was to be advanced through a disbursement escrow. The mortgage document refers to the plaintiff and Westinghouse as the mortgagee and goes on to state their remedies in joint terminology. For example, if there is a default by defendant, "the *whole* of the principal debt and interest . . . shall thereupon become due and payable, at the option of the Mortgagee. . . ." (Emphasis added.) In conjunction with this language, the agreement provides that every power and remedy may be exercised as "deemed expedient by [plaintiff] *and* [Westinghouse]. . . ." (Emphasis added.) Also, and perhaps most important of all, the parties went so far as to address this issue by stating that if the mortgage was to be executed by more than one person as mortgagor (defendant turned out to be the only mortgagor), "the obligation, responsibility and liability of each shall be joint and several." Since the parties set out the obligations of co-obligors, they could have as easily addressed the question of the single obligation running from defendant to plaintiff and Westinghouse. In the face of this express inclusion, such an omission, coupled with the joint terminology utilized in the relevant documents, shows that the intention of the parties was to create a joint obligation in favor of plaintiff and Westinghouse.

Counsel for plaintiff has cited in support of their position *L. L. Satler Lumber Company v. Exler*, 239 Pa. 135, 86 A. 793 (1935), wherein the Pennsylvania Supreme Court held that individual note holders secured by a guarantee could proceed separately against the guarantor. The court pointed out that the controlling factors as to "[w]hether a contract is joint or several depends upon the nature of the interests of the parties and the intention at the time it was made. . . ." *Id.* at 151, 86 A. at 798. *Satler* involved the execution of an instrument guaranteeing prior-existing debt obligations for varying amounts, whereas in this case the notes (for the same amount) and mortgage were completed simultaneously. Again this is evidence of a "joint adventure." [5]

Since the Court finds that the obligations are joint, and that Westinghouse's joinder will destroy diversity jurisdiction, the next step under 19(b) is for the Court to "determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable." *See Isdaner v. Beyer, supra,* 53 F.R.D. at 5.

One of the factors to be considered under 19(b) is to what extent a judgment rendered in a person's absence might be prejudicial either to the non-joined party or the named parties. Clearly, Westinghouse's interest in the mortgage will be affected by the plaintiff's foreclosure action. If, as this Court holds, the defendant's obligation to plaintiff and Westinghouse is joint, then the action by plaintiff necessarily determines Westinghouse's lien *via* the mortgage; it is discharged. *Sesler v. South Fayette Coal Company,* 65 D & C 548 (Fayette Co. 1948); *Restatement of Contracts* § 130 (1932). Plaintiff correctly points out that, under the law of Pennsylvania (21 P.S. § 651), a mortgagee is prejudicially affected only by sale

---

5. *See Sesler v. South Fayette Coal Company,* 65 D & C 548 (Fayette Co., 1948), wherein the court held that all joint mortgagees must join in a foreclosure proceeding, and if they do not, then they can be joined as involuntary plaintiffs under Rule 2227(b) of the Pennsylvania Rules of Civil Procedure, 12 P.S.Appendix. The note of the Procedural Rules Committee to this rule specifically mentions an action *in rem* (such as mortgage foreclosure) as a proper case for involuntary joinder.

pursuant to a prior mortgage. The conclusion which follows is that, because the obligation to Westinghouse and plaintiff are identical in time, § 651 does not apply, allowing Westinghouse's lien to survive plaintiff's foreclosure action. This result follows only if the obligation to the joint obligees is several, or joint and several; therefore, since we find it is not, § 651 is not applicable in this case. Furthermore, any foreclosure action would give rise to the problem of equitable division of the proceeds from the foreclosure sale, which this Court is unable to determine, as Westinghouse cannot be joined.

As to the named parties, failure to join Westinghouse would be prejudicial to the defendant in that the defendant might possibly be forced to litigate this entire matter twice, depending upon any action Westinghouse might bring in a Pennsylvania state court. Because the obligation is joint, the defendant is entitled to have the entire lien on the land settled in one judicial proceeding.

Another consideration the Court may look to is "whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder." Counsel for defendant point out that an alternative forum exists in the Court of Common Pleas of Delaware County, where the property is located. The foreclosure action in the state court could proceed with both mortgagees, with Westinghouse either as a voluntary or involuntary plaintiff. *Sesler v. South Fayette Coal Company, supra* at 550. Not only can the case easily be brought in the state court, but as a foreclosure action it should be, as it involves real property with which the state, and not the federal judiciary, has a fundamental concern.[6]

[U]nlike many other situations, a state court may be in a better position to entertain a real property action than is a federal court. In most cases one or more citizens of the forum state will be involved and local interests are always at stake when the forum state's land is in issue. . . . Because the special concern of a state for the ownership and utilization of its land manifests itself in many ways, federal courts should not refrain from leaving particular controversies to the local courts when the analysis by Rule 19(b) indicates that it should not go forward in the absence of someone described in Rule 19(a). *Wright & Miller, supra,* § 1621 at 208–09.

We, therefore, find for the aforestated reasons that the Court in equity and good conscience cannot proceed without the joinder of Westinghouse, thereby requiring a dismissal of this suit.

---

6. *See Broussard v. Columbia Gulf Transmission Company,* 398 F.2d 885 (5 Cir., 1968). That case involved an action by five of six joint real estate owners to compel the removal of pipeline across their property. The court held that all of the owners must join in the suit which, in *Broussard,* would destroy diversity jurisdiction. In so holding, the court stressed the fact that an action involving real property was more appropriately brought in a state court. *Id.* at 889 & n. 5.