BATEN et al. v. NONA-FLETCHER MINERAL CO.

No. 13804.

United States Court of Appeals Fifth Circuit.

July 18, 1952.

Writ of Certiorari Denied Oct. 27, 1952.

See 73 S.Ct. 104.

William D. Gordon, G. D. Baten, Beaumont, Tex., for appellants.

Will E. Orgain, Beaumont, Tex., for appellee.

Before HOLMES, STRUM and RIVES, Circuit Judges.

STRUM, Circuit Judge.

Appellee, Nona-Fletcher Mineral Company, is a Delaware corporation qualified to do business in Texas, where it formerly owned mineral interests in lands. Appellant Baten is one of its stockholders; appellants Bowers and Gordon are attorneys who have rendered services to said cor-

poration for which they have not been paid. The three appellants are citizens of Texas.

As plaintiffs below, they sued said corporation to "annul" conveyances by the corporation of its mineral interests in the circumstances and for the purposes hereinafter stated. They also seek injunctive relief and the appointment of a receiver in connection with the management of the corporation. In the body of the complaint, but not in the prayers for relief, there is an incidental request for a declaratory judgment "fixing the rights and status of" these attorneys in relation to their representation of appellee, and to determine "what is a reasonable and competent compensation" for them. There is no specific prayer for a judgment *quod recuperet* for these fees.

For many years, the title of appellee, Nona-Fletcher Mineral Company, and of its predecessors, to the mineral interests here involved had been regarded as sound. In 1946, however, a group of 16 persons, some of whom were stockholders in appellee, and one of whom was also an attorney who had previously rendered an opinion that appellee's title was good, bought up a long dormant adverse title to some of the lands here involved and asserted such title adversely against appellee. Because of this, appellee's lessees, American Republic Corporation and Houston Oil Company, who were operating wells on the property, commenced to withhold royalty payments due appellee, as they had the right to do under their lease.

In this situation, appellee's board of directors employed appellants Bowers and Gordon to protect its interests, and suit was instituted against those asserting the adverse title. This suit was later dismissed because of the absence of indispensable parties.

It is further alleged in the complaint that in August, 1950, without consulting its attorneys Bowers and Gordon, who were then representing it, appellee Nona-Fletcher Mineral Company, acting through its president, proposed to convey to those asserting the adverse claim an undivided 225 royalty acres of the lands involved in said adverse claim, being a one-fourth interest, in consideration of a release by said adverse claimants relinquishing their claim to the remaining three-fourths interest. In other words, appellee proposed to convey a one-fourth interest to the adverse claimants to settle their claim. Upon the assurance, however, of appellants Bowers and Gordon that the adverse claim was patently void and unenforceable, the proposed settlement was not consummated at that time.

It is further alleged that in February, 1951, and again acting without the advice of its attorneys Bowers and Gordon, appellee Nona-Fletcher Mineral Company, acting through its president and board of directors, settled with the adverse claimants on the above basis, conveying to them the undivided 225 royalty acres, and later discharged Bowers and Gordon as its attorneys.

Appellants assert that the settlement was *ultra vires,* and since the adverse claims are patently invalid, the settlement was without consideration and an unlawful waste and dissipation of appellee's assets. This is one of the conveyances that plaintiffs below seek to "annul" in this suit. The grantees in said conveyance, however, all of whom are citizens of Texas, are not made parties.

Plaintiffs below also allege that on February 22, 1951, the appellee corporation conveyed all its remaining interest to its 46 individual stockholders in proportion to their stock interests, thereby, so it is alleged, "putting itself out of business for which it is chartered." The grantees in this conveyance, also citizens of Texas, are not made parties. This conveyance, as well as that previously mentioned, is within the scope of the prayer of the complaint "that an injunction be issued * * forever annulling the transactions whereby its (Nona-Fletcher Mineral Company) property has been purloined and transferred without consideration valid in law * * *." Appellants assert that this conveyance is also *ultra vires* and without adequate consideration.

A fair appraisal of the pleadings leaves us in no doubt that the real purpose of

this suit is to cancel and set aside the conveyances above mentioned which appellant Baten, a stockholder in appellee, and appellants Bowers and Gordon, appellee's former attorneys, regard as *ultra vires* and executed without adequate consideration, thus unlawfully dissipating appellee's assets, impairing Baten's rights as a stockholder, and leaving Bowers and Gordon nothing out of which to recover their attorney's fees. The whole matter boils down to an internecine struggle within the appellee corporation. The request appearing only in the body of the complaint to fix the status of Bowers and Gordon, and to determine the value of their services, is apparently intended to establish for them a status which would entitle them to seek a cancelation of the deeds. Without these allegations they would have no standing as plaintiffs. There is no prayer for a money recovery of attorney's fees.

■ The primary relief sought—cancelation of the deeds—will, if granted, directly and injuriously affect the rights of the grantees in said deeds. These grantees are therefore indispensable parties, as the trial court held. Shields v. Barrow, 58 U.S. 129, 17 How. 129, 15 L.Ed. 158; Garzot v. Rios de Rubio, 209 U.S. 283, 28 S.Ct. 548, 52 L.Ed. 794; Calcote v. Texas Pac. Coal & Oil Co., 5 Cir., 157 F.2d 216, 167 A.L.R. 413, certiorari denied 329 U.S. 782, 67 S.Ct. 205, 91 L.Ed. 671, rehearing denied, 329 U.S. 830, 91 L.Ed. 704, 67 S.Ct. 356; Vincent Oil Co. v. Gulf Refining Co., 5 Cir., 195 F. 434; Keegan v. Humble Oil and Ref. Co., 5 Cir., 155 F.2d 971; Lawrence v. Sun Oil Co., 5 Cir., 166 F.2d 466.

■ The grantees in both deeds are citizens of Texas, as are also the plaintiffs below. Their joinder will therefore destroy diversity, and with it the sole ground for federal jurisdiction of this suit. In these circumstances the suit was properly dismissed for lack of indispensable parties. Hudson v. Newell, 5 Cir., 172 F.2d 848, idem 174 F.2d 546; Mallin v. Schaper, 7 Cir., 185 F.2d 1; Young v. Garrett, 8 Cir., 149 F.2d 223.

Affirmed.