22045. SEAY v. MALONE et al.

MOBLEY, Justice. The petition in two counts alleges a sales and purchase contract between plaintiff Seay and defendant Stubbs as agent for defendant Malone, the contract providing that Stubbs agrees to sell and Seay agrees to purchase a certain described tract of land for $11,100, Seay to pay for the same in 74 notes of $150 each, the first note payable on August 14, 1961, and one note payable on the 14th day of each month thereafter until all notes are paid, each note bearing interest at 7 percent per annum from maturity until paid,

Stubbs to deliver to Seay a warranty deed to the property free and clear of all encumbrances when all notes are paid in full. The contract provides that "failure to make said payments when due and said default continues for ninety (90) days thereafter then the said seller has the right to take over said property and the purchaser thereby agrees to deliver the same without let or hindrance and all of the funds paid to the seller shall be retained by her as liquidating damages and use of said property." The petition shows that on November 13th plaintiff was 90 days in arrears on his payment of $150 which was due on August 14th and, therefore, it is made to appear that defendant Stubbs was authorized to take the action provided for in the contract, to wit: "to take over said property." However, the petition alleges that Stubbs did not do so but instead on November 14th Malone urged plaintiff to comply with the contract; that on November 24th and 25th plaintiff paid $100 and $20, respectively, on the contract; that on November 28th Malone agreed that it would be satisfactory for plaintiff to bring the payments up to date on December 5th; that on December 1st Malone told plaintiff he had sold the property to defendant Dye; that at the time of this sale no one had made any demand upon plaintiff or notified him of any intent to sell the property; that on December 5th, plaintiff tendered to Stubbs all money due on the contract including interest, Stubbs refusing to accept the same; that thereafter plaintiff tendered the amount due to Malone and also to Dye. Further allegations are that Dye had knowledge of plaintiff's claim to the land, and that plaintiff was in possession at the time Stubbs sold the property to Dye but thereafter quit possession before bringing this suit. In both counts plaintiff alleges that the contract and a warranty deed from plaintiff executed at the same time as the contract and conveying the same land to defendant Stubbs were intended by the parties as a transaction to secure a loan from Malone to plaintiff. Count 1 seeks to show that the contract is still in existence and prays that plaintiff be put in possession of the land under the provisions thereof and that Dye's rights in the land be subjected to the contract. Count 2 alleges the amount of the loan plus interest due thereon, the price for which Stubbs sold the land to Dye, and seeks a money judgment against Stubbs and Malone for the difference between the debt plus interest and the sales price of the land. *Held:*

1. "It is well settled in this State that notwithstanding time is of the essence of a contract, it may be *waived,* and a subsequent offer to fulfill the contract and urging a compliance with the contract by the party of the other part, instead of treating the contract as at an end, amounts to a waiver." *Turner v. Chambers,* 160 Ga. 93, 98 (127 SE 610), and cases cited therein. The allegations are sufficient to show a waiver of the time of the essence provision of the contract.

2. Actual possession of land is notice of whatever right or title the occupant has. *Code* § 85-408; *Mercer v. Morgan,* 136 Ga. 632 (2) (71 SE 1075); *Berry v. Williams,* 141 Ga. 642 (2) (81 SE 881); *Waller v. Dunn,* 151 Ga. 181 (2) (106 SE 93); *Simpson v. Ray,* 180 Ga. 395 (2) (178 SE 726); *Denson v. Denson,* 214 Ga. 8, 10 (102 SE2d 605). Where A contracts for the sale of land to B and subsequently thereto conveys the land to C who has knowledge of the prior sale, C takes subject to all the equity existing between A and B. *Jordan v. Rhodes,* 24 Ga. 478; *Copelin v. Williams,* 152 Ga. 692 (3) (111 SE 186). As the allegations are sufficient to show that Dye, the purchaser from Stubbs, had knowledge and notice of Seay's claim to the land, and that the time of the essence provision of the contract was waived, count 1 of the amended petition states a cause of action to subject Dye's rights to those of Seay under the contract and the trial court erred in sustaining a general demurrer to count 1 and dismissing it.

3. The trial court did not err in sustaining a general demurrer to count 2 and dismissing it. As a necessary step toward recovering the money judgment sought in count 2 for the difference between the loan plus interest and the price for which Stubbs sold the land to Dye, plaintiff would have to show by parol evidence that the contract was intended by the parties not as a true sale, but as security for a loan, as the contract does not show on its face, nor does the absolute deed, that a loan was involved or the amount thereof. "A deed or bill of sale, absolute on its face and accompanied with possession of the property, shall not be proved, at the instance of the parties, by parol evidence to be a mortgage only, unless fraud in its procurement shall be the issue to be tried." *Code* § 67-104. Having quit possession before bringing this suit, plaintiff will not be permitted to prove, no fraud in the procurement being alleged, that the contract for sale of the property was intended by the parties as security for a loan by Malone to plaintiff.

*Wilkes v. Carter,* 149 Ga. 240, 241 (2) (99 SE 860) ; *Sims v. Sims,* 162 Ga. 523 (1) (134 SE 308) ; *Durden-Powers Co. v. O'Brien,* 165 Ga. 728 (1) (142 SE 90) ; *Clarke v. Phillips,* 204 Ga. 772 (51 SE2d 848). Plaintiff argues that he was legally obligated to quit possession before bringing the present suit because by paying rent to Dye to forestall dispossessory proceedings during the Christmas Holidays he had become Dye's tenant. While it is undoubtedly the rule that before a tenant will be permitted to dispute his landlord's title to the rented premises he must quit possession thereof, *Code* § 61-107; *Grizzard v. Roberts,* 110 Ga. 41 (2) (35 SE 291) ; *Partain v. King,* 206 Ga. 530 (2) (57 SE2d 617), yet that rule has no application to the present case, because in neither count does plaintiff seek to dispute Dye's title; on the contrary in each count he admits it, attempting in count 1 to subject it to a contract to convey it to him and in count 2 leaving it undisturbed in Dye while seeking a money judgment against Stubbs and Malone. *Bowles v. White,* 206 Ga. 433, 439 (e) (57 SE2d 547).

*Judgment affirmed in part; reversed in part. All the Justices concur.*

ARGUED MAY 14, 1963—DECIDED JULY 3, 1963.

*Cross, Hitchcock & Lee,* for plaintiff in error.
*H. G. Rawls, D. C. Campbell, Jr.,* contra.