Nathaniel P. BROUSSARD et al., Appellants,

v.

COLUMBIA GULF TRANSMISSION COMPANY, Appellee.

No. 24843.

United States Court of Appeals Fifth Circuit.

July 12, 1968.

⬥1747

Robert A. Dragon, Jr., Lafayette, La., for appellants.

C. McVea Oliver, Fred Fudickar, Jr., Monroe, La., for appellee.

Before COLEMAN and GOLDBERG, Circuit Judges, and HANNAY, District Judge.

GOLDBERG, Circuit Judge.

This case involves Rule 19 of the Federal Rules of Civil Procedure, joinder of parties,[1] as it relates to joinder of an

---

1. Rule 19 was completely rewritten in the 1966 amendments of the rules. The present rule reads:

"Rule 19. JOINDER OF PERSONS NEEDED FOR JUST ADJUDICATION

(a) *Persons to be Joined if Feasible.* A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and his joinder would render the venue of the action improper, he shall be dismissed from the action.

(b) *Determination by Court Whenever Joinder Not Feasible.* If a person as described in subdivision (a) (1)–(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a

owner of an undivided one-sixth interest in realty when the remaining owners are seeking the removal of a pipeline across the property. The joinder, if required, would nullify diversity jurisdiction. Our loyalty to the pragmatic emphasis of the new Rule 19, as elucidated with sculptured clarity in the recent Supreme Court decision of Provident Tradesmens Bank & Trust Co. v. Patterson, 1968, 390 U.S. 102, 88 S.Ct. 733, 19 L.Ed.2d 936, requires that we affirm the district court's order mandating joinder and dismissing the case for lack of jurisdiction.

On September 28, 1966, a complaint was filed by Elia Broussard, Nathaniel P. Broussard, Aurelia Duplin Broussard, Sarah Jane Broussard Hebert, Nancy Lee Broussard Whittington, Nathaniel P. Broussard, Jr., and Benjamin D. Broussard, as co-owners of a tract of land in Lafayette Parish, Louisiana, against the defendant, a gas company having its principal place of business in the State of Texas. The complaint alleged that Elia Broussard and her husband, Ben D. Broussard, in August, 1953, had granted to Gulf Interstate Gas Company an easement and right-of-way across the property.[2] This right-of-way was assigned to the defendant in December, 1958. Between 1953 and 1966, the two companies constructed three gas transmission pipelines across the property. The appellants sought an injunction requiring the removal of the pipelines on the theory that Gulf Interstate Gas Company had failed to describe adequately the easement in the written agreement and had failed to establish a dominant estate to which benefit from the "right-of-way and easement" might accrue. The appellants also sought damages, claiming that their land had been devalued by the burden of the easement.

The defendant filed a motion to dismiss the complaint for failure to state a claim. During oral argument on this motion, it became apparent that one of the plaintiffs, Sarah Jane Broussard Hebert, was not a citizen of Louisiana as previously assumed, but rather a citizen of Texas.

On November 28, 1966, the defendant moved to dismiss for lack of jurisdiction on the grounds that there was no diversity of citizenship since both Mrs. Hebert and the defendant were residents of Texas. In order to salvage the action, Mrs. Hebert moved the court to dismiss her as a party to the suit, which motion was granted ex parte. (Although the defendant had filed a motion opposing the dismissal, it had not come to the attention of the court prior to the time the order was signed.) On February 13, 1967, the district court was requested by the defendant to vacate the ex parte order dismissing Mrs. Hebert and to declare her an indispensable party to the suit. The court granted the request and the defendant's motion to dismiss for lack of jurisdiction.

The crux of the district court's ruling was that an owner of an undivided one-sixth interest in realty is an indispensable party for the adjudication of an action to invalidate an easement across jointly-owned property. Though perhaps founded on terminology that is now passé, that ruling is not inconsistent with the liberal pronouncements and intentions of revised Rule 19.

█ The appellants contend that Louisiana law permits anyone rightfully in possession of the premises to which

judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

(c) *Pleading Reasons for Nonjoinder.* A pleading asserting a claim for relief shall state the names, if known to the pleader, of any persons as described in subdivision (a) (1)–(2) hereof who are not joined, and the reasons why they are not joined.

(d) *Exception of Class Actions.* This rule is subject to the provisions of Rule 23."

2. Ben D. Broussard died prior to this action. All of the plaintiffs, except Elia Broussard, are successors in interest and title to Ben D. Broussard.

an easement is appurtenant to seek an injunction to test its validity. Having assumed this hypothesis, they conclude that Mrs. Hebert's interest, being one of title, does not alter the rights of the remaining co-owners who are in actual possession of the property. This reasoning, however, merely calcifies the procedural pigeonholding which the revisors of Rule 19 sought to eliminate.[3]

■■ The new Rule 19 is designed to ameliorate the catechistic distinction between "necessary" and "indispensable" parties, which had sometimes subordinated logic and reality to historical encrustations. Under the present rule pragmaticals are to be the solvents of joinder problems, replacing former rigid terminological descriptions of parties. We are not to be pinioned by categorical imperatives. Instead, the effect of the parties and on the litigation process is to be the fulcrum of decision. In the words of Justice Harlan, speaking for a unanimous court:

> "To say that a court 'must' dismiss in the absence of an indispensable party and that it 'cannot' proceed without him puts the matter in the wrong way around: a court does not know whether a particular person is 'indispensable' until it has examined the situation to determine whether it can proceed without him." Provident Tradesmens Bank & Trust Co. v. Patterson, supra, 390 U.S. at 119, 88 S.Ct. at 743, 19 L.Ed.2d at 950.

See also Advisory Committee's Notes to Amendments to Rules of Civil Procedure, 39 F.R.D. 69, 89–94 (1966); 2 Barron & Holtzoff, Federal Practice and Procedure § 511 et seq. (1967 Supp.); 3A Moore, Federal Practice,

Chapter 19; Conn, "The New Federal Rules of Civil Procedure," 54 Geo.L.J. 1206 (1966); Fink, "Indispensable Parties and the Proposed Amendment to Federal Rule 19," 74 Yale L.J. 403 (1965); Note, "Rule 19 and Indispensable Parties," 65 Mich.L.Rev. 968 (1967).

Our venture into pragmatic analysis under Rule 19 necessitates critical evaluation of two controlling factors in this case: (1) the inability of the federal district court to finalize the litigation or to effectively adjudicate the rights of all concerned parties, and (2) the availability of adequate relief in the Louisiana state court system, which is highly competent to hear arguments concerning Louisiana land law.

If the district court were to hear this case on the merits, its decision would merely begin rather than conclude litigation. For example, a reversal by this Court might logically be followed by appellee's suit for a partition to avoid paying any damages which might be due Mrs. Hebert. J. C. Trahan Drilling Contractor, Inc. v. Younger, Ct.App.La.1964, 169 So.2d 15. This, of course, would not prevent Mrs. Hebert's filing a separate suit, and the probability of such action would increase proportionally with the amount of damages awarded in the district court below. On the other hand, even if the appellants were to lose below, Mrs. Hebert might wish to try her luck in a separate suit. By any combination or permutation, then, a reversal of the district court's dismissal would engender further litigation, i. e., multiplicity of suits.

■ In contrast, dismissal of the suit does not significantly prejudice the appellants. We call attention to the Advi-

---

3. Rule 19 allows considerable judicial discretion for a realistic analysis of the interrelation of federal procedural requirements and state substantive law which materially affect the rights of the litigants. Provident Tradesmens Bank & Trust Co. v. Patterson, supra; Jamison v. Memphis Transit Management Company, 6 Cir. 1967, 381 F.2d 670, 674; Kuchenig v. California Co., 5 Cir. 1965, 350 F.2d 551, 552–557, cert. den., 382 U.S. 985, 86 S.Ct. 561, 15 L.Ed.2d 473. See also Hanna v. Plumer, 1965, 380 U. S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8. As we shall discuss, however, Louisiana land law, if it affects the choice of forum in any manner in this case, channels it to the Louisiana state courts.

sory Committee Notes which state in part:

> "The *fourth factor* [of the new Rule 19], looking to the practical effects of a dismissal, indicates that the court should consider whether there is any assurance that the plaintiff, *if* dismissed, could sue effectively in another forum where better joinder would be possible. See Fitzgerald v. Haynes, 241 F.2d 417, 420 (3 Cir. 1957); Fouke v. Schenewerk, 197 F.2d 234, 236 (5 Cir. 1952); cf. Warfield v. Marks, 190 F.2d 178 (5 Cir. 1951)." 39 F.R.D. 69, 93.[4]

The cause of action involved in this litigation could easily be brought in a state court of Louisiana. In fact, the suit involves activity on real property in which the State of Louisiana, rather than the federal judiciary, has a fundamental concern.[5] Moreover, Mrs. Hebert, who had willingly traveled from Texas to Louisiana to enter the federal court action, could hardly claim inconvenience by being required to walk a few blocks from the federal to the state courthouse.

■ We therefore find that in equity and good conscience the district court correctly exercised its discretion by dismissing the suit. We add, moreover, that the pragmatical approach elevates the role of judgmental discretion in the joinder problem. While this discretion may not have the constrictions of a clearly erroneous rule, we must be mind-

ful that the district judge is closer to the arena and is often in a better position to survey the practicalities involved in the litigation.

Affirmed.

---

4. This provision was quoted by the Supreme Court in Provident Tradesmens Bank & Trust Co. v. Patterson, supra, 390 U.S. at 109–110, 88 S.Ct. at 738 (fn. 3). We note that in the Supreme Court case the plaintiffs had already won on the merits before the defendant, on appeal primarily on the merits, sought dismissal for lack of joinder. In the next accompanying fn. 3 of its opinion, the Court distinguished the facts in its case from those in the case at bar:

> "Before the trial [as occurred here], the strength of this interest obviously depends upon whether a satisfactory alternative forum exists. On appeal, if the

plaintiff has won, he has a strong additional interest in preserving his judgment."

5. Whatever virtues one may find in the retention of diversity jurisdiction, the anachronistic belief that federal jurisdiction will treat out-of-state individuals or corporations more fairly than state processes simply does not hold validity in an era when rapid transportation and communication have made us citizens of a nation rather than subjects of local bigotry. See Hopkins v. Lockheed Aircraft Corp., 5 Cir. 1968, 394 F.2d 656 (Jones, J., concurring).