**Harold Glen SCOGGINS and Marie B. Scoggins, Plaintiffs-Appellants,**

v.

**John Lloyd FREDRICK, Defendant-Appellee.**

**No. 80-3198**
**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.
Unit A

Oct. 31, 1980.

---

Joseph A. Gladney, Baton Rouge, La., for plaintiffs–appellants.

Macy, Kemp & McIntyre, Arthur W. Macy, Hammond, La., for defendant–appellee.

Before CHARLES CLARK, REAVLEY and WILLIAMS, Circuit Judges.

PER CURIAM:

Plaintiffs, Harold Glen Scoggins and Marie B. Scoggins, residents of Louisiana, brought suit for damages against Aswell J. Robertson, resident of Louisiana, and another. After the suit was brought defendant Robertson conveyed eighty–two acres of land situated in Tangipahoa Parish in Louisiana to John Lloyd Fredrick, a resident of New Mexico. A "usufruct" (life estate) was retained by Robertson. The damage suit in tort for injuries received in an automobile accident resulted in a judgment against defendant Robertson in the sum of $307,998.04.

In attempting to collect this judgment the Scoggins now sue John Lloyd Fredrick in the federal court under 28 U.S.C. § 1332 asserting the conveyance under Louisiana law was a "simulation" and suing under Louisiana law to set aside the conveyance from Robertson to Fredrick.

The District Court dismissed the suit on the ground that Robertson was an indispensable party to the suit and that joining Robertson in the suit ousted the federal court of jurisdiction. Rule 19, Federal Rules of Civil Procedure. We affirm.

This Court thoroughly discussed the considerations which must be applied in determining whether a party must be joined in the federal diversity case even though it will oust the court of jurisdiction. *Doty v. St. Mary Parish Land Co.*, 598 F.2d 885 (5th Cir. 1979). In that case Judge James C. Hill outlined four considerations which must be evaluated to resolve the kind of issue posed with this case. First, the Court must assess the prejudicial effect of a judgment rendered in the absence of the party who cannot be joined. Since Robertson retained the usufruct, a life interest in the property, a judgment that the conveyance was invalid would obviously have a direct and immediate effect upon an interest in land which he asserts. He has the right to present his evidence that this was a valid conveyance under full consideration and that he properly retains a life interest in the land.

The second factor requires a consideration of the extent to which prejudice may be minimized by limiting the relief granted. It appears obvious in this case that there is no way that full relief can be granted in a way that would not affect the interests of Robertson.

The third inquiry is whether the judgment would be adequate in the absence of the person whose joinder is in controversy. Here the outcome of this lawsuit will determine title to land in Louisiana in which Robertson will have an interest either way the decision goes, but a different interest. There is, therefore, an inevitable effect upon his interest by such a judgment.

The final factor is whether there is an adequate forum to determine the interests of all parties if the suit is dismissed in the federal courts. Since the land in dispute is in Louisiana, the Louisiana courts are in a position to resolve the dispute with all parties participating. As Judge Hill said in *Doty*, "real property disputes are particularly suited to resolution by state courts." *Id.* 598 F.2d at 888. The *Doty* case was a case involving an issue of title to land. Upon any analysis the instant case is closely

**428**

related to a land title proceeding. Also relevant is *Broussard v. Columbia Gulf Transmission Co.*, 398 F.2d 885 (5th Cir. 1968), in which this Court upheld the dismissal of a diversity suit in federal court arising out of a Louisiana land dispute. In that case the Court upheld the federal district judge who as a matter of equity decided that parties should be joined whose joinder then automatically ousted the district court of jurisdiction.

The District Judge properly dismissed this case for lack of jurisdiction under 28 U.S.C. § 1332 with the joinder of Robertson under Rule 19, Federal Rules of Civil Procedure.

AFFIRMED.