Anthony R. DAMERON, Plaintiff

v.

Randolph H. DEER, Defendant.

Civ. A. No. C80–1017A.

United States District Court,
N. D. Georgia,
Atlanta Division.

Nov. 10, 1980.

On Motion For Reconsideration
Dec. 12, 1980.

Macey & Zusmann, Gus H. Small, Jr., Abraham A. Sharony, Atlanta, Ga., for plaintiff.

Rogers & Hardin, C. B. Rogers, Phillip S. McKinney, Atlanta, Ga., for defendant.

## ORDER

MOYE, Chief Judge.

This case involves the ownership of three condominium units located in Colony House West Condominiums in Atlanta, Georgia. On October 22, 1979, the plaintiff executed two warranty deeds conveying units 1203 and 1205 in said condominiums to the defendant and granted defendant a deed to secure debt in unit 804. On May 1, 1980, plaintiff filed suit in the Superior Court of Fulton County, Georgia, alleging that the defendant secured the plaintiff's execution of the warranty deeds and the deed to secure debt "through acts of fraud, undue influence, and duress." The plaintiff sought to have the deeds cancelled and declared null and void. The plaintiff filed notices of *lis pendens* with respect to units 1203 and 1205, at or about the same time as the filing of the lawsuit.

On May 8, 1980, defendant sold unit 1203 to Mr. Leander W. Smith, delivering Mr. Smith a warranty deed. Mr. Smith was fully aware of the pendency of this lawsuit at the time he purchased unit 1203 and has acquired a title insurance policy on the unit up to the full purchase price of the unit.

On June 13, 1980, the defendant, an Indiana resident, removed this lawsuit to this Court pursuant to 28 U.S.C. § 1441, *et seq.* on the basis of the diversity of the parties, and on August 14, 1980, plaintiff moved to remand to Fulton Superior Court pursuant to 28 U.S.C. § 1447(c).

The basis for plaintiff's remand petition is that (1) complete relief cannot be afforded among plaintiff and defendant in the present case in the absence of Mr. Smith as a party defendant because Mr. Smith claims an interest relating to the subject matter of this action and is so situated that disposition of this action in his absence may impede Mr. Smith's ability to protect that interest, and (2) if Mr. Smith is added as a defendant, complete diversity would no longer exist between the plaintiff and defendants, depriving this Court of subject matter jurisdiction.

The Court agrees with the plaintiff that if Mr. Smith is an indispensable party to this action this Court should not allow this case to continue before it since the addition of Mr. Smith, a Georgia resident, as a party defendant would destroy complete diversity due to the fact that the plaintiff is also a Georgia resident. *In re Merrimack Mutual Fire Ins. Co.,* 587 F.2d 642, 646 (5th Cir. 1978). The issue, therefore, is whether Fed. R.Civ.P. 19 makes Mr. Smith an indispensable party.

Although the thrust of the plaintiff's brief in support of his motion to remand is that Mr. Smith should be joined pursuant to Rule 19(a), the Court finds Rule 19(a) inapplicable to this case. Rule 19(a) provides conditions under which a person should be joined as a party if that person's joinder "will not deprive the court of jurisdiction over the subject matter of the action." It is clear that the joinder of Mr. Smith would deprive the Court of subject matter jurisdiction because it would defeat complete diversity. Therefore, by its own terms, Rule 19(a) is inapplicable.

Rule 19(b) is to be applied if a person as described in subdivision (a)(1)–(2) of Rule 19 cannot be made a party. The Court will assume without deciding that Mr. Smith is a person as described in Rule 19(a)(1)–(2) and proceed to determine whether Rule 19(b) requires dismissal of this action if Mr. Smith is indeed a Rule 19(a)(1)–(2) person.[1]

Rule 19(b) prescribes that if a Rule 19(a)(1)–(2) person cannot be made a party the Court shall determine whether in equity

---

1. Such a person is one who shall be joined if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest.

and good conscience the action should proceed among the parties before it or should be dismissed. The factors to be considered by the Court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder. The Court will consider these factors *seriatim.*

### 1. *Prejudice to Mr. Smith or Present Parties*

The interest of Mr. Smith in condominium unit 1203 is coincident with that of the defendant herein under applicable Georgia law. In the affidavit of Mr. Smith, filed with defendant's response to plaintiff's motion to remand, Mr. Smith swore to the following statement: "On May 8, 1980, I purchased the condominium unit known as 1203 Colony House West from Mr. Randolph H. Deer, the Defendant in the above-entitled action, notwithstanding the pendency of this lawsuit and a *lis pendens* filed by the Plaintiff against that property." He continued: "Since my title to unit 1203 derives from and is dependent upon the validity of Mr. Deer's prior title to that property, my interests with respect to the subject matter of this lawsuit are precisely coincident with the interests of Mr. Deer in this regard. For this reason, I hereby acknowledge that Mr. Deer's defense to the allegations made by Mr. Dameron will adequately and fully represent my interests in this connection as well. The conduct of this lawsuit in my absence will not prejudice my interest therein in any way whatsoever. I hereby acknowledge that I will be bound and will abide by any final decision of this Court (after the exhaustion of any appeals) with respect to the question of the validity of Mr. Deer's title."

The acknowledgment by Mr. Smith that the validity of his title depends on that of his vendor, Mr. Deer, is a correct interpretation of Georgia law. In *Seay v. Malone,* 219 Ga. 149, 132 S.E.2d 261 (1963), it was held that where A contracts for the sale of land to B and subsequently thereto conveys the land to C who has knowledge of the prior sale, C takes subject to all the equity existing between A and B. *Id.* at 151, 132 S.E.2d 261. *Seay* cites *Copelin v. Williams,* 152 Ga. 692, 111 S.E. 186 (1922), wherein it was held that if the grantee sells and conveys property to a third person, who takes with notice of an outstanding equity, the purchaser, as against the original grantor, will acquire the legal title subject to such equity. Realizing that these Georgia cases make his title to unit 1203 reliant on the validity of Mr. Deer's, Mr. Smith has stated that he is satisfied with the defense that Mr. Deer will present to plaintiff's allegations herein and does not feel that his interests in unit 1203 is in any way prejudiced by his absence from this lawsuit.

The Court determines that on the basis of Mr. Smith's sworn statements recited above that he will not be prejudiced by his not being added as a party defendant in this suit. Even though a final judgment herein favorable to the plaintiff will divest Mr. Smith of an adequate chain of title to unit 1203 since he acknowledges the dependency of his title on the validity of Mr. Deer's title under Georgia law, there is absolutely no defense that he could assert herein that would enhance his title to unit 1203. Having acknowledged the adequacy of the defense to plaintiff's claims being presented by defendant Deer, even if prejudice could accrue to the position of Mr. Smith by his absence from this lawsuit, Mr. Smith has waived the protections of Rule 19.

Having determined that a judgment in the case at bar will not be prejudicial to Mr. Smith, the Court now examines whether Mr. Smith's absence might be prejudicial to those already parties.

The Court first notes that the doctrine of collateral estoppel will operate to preclude Mr. Smith from raising the issue of the

validity of Mr. Deer's title on the date Mr. Deer granted Mr. Smith a warranty deed in any subsequent proceeding in any state or federal court once this Court makes a determination concerning the validity of Mr. Deer's title. Thus, if the plaintiff should prevail in the action before the Court, his recourse against Mr. Smith would be to simply file suit in Fulton Superior Court pleading the judgment of this Court in order to have Mr. Smith evicted from unit 1203. The absence of Mr. Smith as a defendant herein will therefore not prejudice plaintiff's substantive legal rights or any subsequent relief afforded to the plaintiff; at most, the plaintiff may be slightly inconvenienced procedurally. The Seventh Circuit Court of Appeals has held that it cannot be seriously contended that any time party A (plaintiff herein) has a dispute with person B (Smith) he can litigate that dispute in a case pending between A and C (defendant herein) merely because that procedure might be more convenient than suing B in a separate lawsuit. *Morgan Guaranty Trust v. Martin*, 466 F.2d 593, 598 (7th Cir. 1972). The Court agrees with that interpretation of Rule 19 inasmuch as the focus of the Court's inquiry is on prejudice to the plaintiff, not procedural inconvenience.

Finally, the Court notes Professor Moore's belief that prejudice to "those already parties" in Rule 19(b) relates to the provisions of Rule 19(a)(2)(ii) requiring joinder, if feasible, of persons who claim an interest relating to the subject matter of the litigation if litigation in his absence may "leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest." 3A Moore's Federal Practice ¶ 19.07–2[1], p. 19–164. There is no possibility that the plaintiff herein can be subjected to double, multiple, or otherwise inconsistent obligations since the doctrine of collateral estoppel will preclude the issue of the ownership of unit 1203 from being reexamined, as noted above. The Court concludes, therefore, that no prejudice will result to the present parties by the omission of Mr. Smith from this lawsuit; and having already concluded that no prejudice will result to Mr. Smith, the first factor that Rule 19(b) requires the Court to consider fails to compel a determination that Mr. Smith is an indispensable party.

### 2. Protective Provisions to Lessen Prejudice

Having found no prejudice to either Mr. Smith or the present parties to this action by the absence of Mr. Smith from this lawsuit, this factor is inapplicable.

### 3. Whether Judgment will be Adequate

■ The third factor of Rule 19(b) may operate independently of the first two factors. When there are persons without whom complete relief cannot be accorded and the relief that is sought against the defendant would be hollow or inadequate, the court may dismiss under Rule 19(b) independent of the question of prejudice to present parties under the first factor, or shaping the relief to avoid such prejudice under the second.

While the Fifth Circuit has noted that this third factor has been authoritatively construed to refer to the public interest in efficient, nonrepetitive litigation, the case in which the court made that observation, *Ranger Insurance Co. v. United Housing of New Mexico, Inc.*, 488 F.2d 682 (5th Cir. 1974), was unlike the case *sub judice*. In *Ranger Insurance* had the trial court refused to dismiss for inability to add a party without destroying diversity the absent parties could have relitigated the very issue involved in *Ranger Insurance* in a later suit, possibly rendering an inconsistent finding as to whether the plaintiff insurer was liable under an insurance contract. *Id.* at 684. In the case *sub judice*, the question of defendant Deer's substantive legal right to unit 1203 upon conveyance to him of that unit by plaintiff will determine Mr. Smith's substantive legal right to the same unit. Therefore, there is no threat of repetitive litigation of a substantive legal right here.

The Court further notes that since the determination of the legal rights of the parties before the Court will determine Mr. Smith's rights in a subsequent suit based on the judgment herein in Fulton Superior Court, the relief against the defendant herein would in no way be hollow or inadequate. The judgment here will be adequate to determine the ownership of unit 1203 despite Mr. Smith's absence; the third factor under Rule 19(b) does not compel dismissal of this suit.

### 4. *Adequate Remedy for Plaintiff if Dismissed*

The fourth factor is inapplicable here because it is the plaintiff who is moving to dismiss this case so that he may proceed in state court. There is no doubt that Fulton Superior Court has jurisdiction over both defendant Deer and Mr. Smith, so that dismissal would indeed leave plaintiff with an adequate remedy if the suit were dismissed. However, since the plaintiff is moving to dismiss, whether he would have an adequate forum elsewhere to adjudicate his rights is immaterial and causes this fourth factor to have no bearing on whether this case should be dismissed.

Having determined that Mr. Smith is not an indispensable party under Rule 19(b) and finding Rule 19(a) inapplicable, the Court believes that in equity and good conscience this action may proceed before it on the basis of the diversity of the parties. Accordingly, plaintiff's motion is DENIED.

### ON MOTION FOR RECONSIDERATION ORDER

Plaintiff herein has moved for reconsideration of this Court's order of November 10, 1980, wherein the Court denied plaintiff's motion to remand this action to Fulton County, Georgia Superior Court.

Plaintiff's motion for reconsideration is based on three grounds: (1) defendant should be estopped to oppose a remand; (2) individuals that cannot be made parties to this action without destroying diversity jurisdiction are indispensable parties; and (3)

reasonable doubt exists as to the jurisdiction of this Court. Defendant in a general way has opposed plaintiff's motion for reconsideration, but has failed specifically to respond to the above contentions of plaintiff. Nevertheless, the Court will consider plaintiff's contentions without the benefit of a responsive memorandum of law.

■ Plaintiff's argument that the defendant should be estopped to oppose a remand is based on a section from Professor Moore's treatise on federal practice which plaintiff cites as being located at 1A Moore's Federal Practice ¶ 0.161[2]. The Court is unable to locate the excerpt from Moore's in plaintiff's brief in the section cited. However, the paragraph reproduced in plaintiff's brief, whatever its origin, is inapplicable to the situation before the Court. Professor Moore calls for a remand where the defendant stipulates to the addition of the party that destroys diversity. Here the defendant *opposes* the addition of a party that would destroy diversity. The Court finds no merit in plaintiff's contention that the defendant has consented to additional parties by selling the condominium units whose ownership is in dispute to other persons.

■ In plaintiff's second ground for reconsideration, he argues that the present owners of condominium units 1203 and 1205 are indispensable. Their addition, of course, would defeat the diversity jurisdiction of this Court, forcing the Court to *dismiss* this action under Fed.R.Civ.P. 19(b). The word "indispensable" in Rule 19(b) is used only in a conclusory sense in that a person is regarded as indispensable when he cannot be made a party and, upon consideration of the factors outlined in Rule 19(b), it is determined that in his absence it would be preferable to dismiss the action, rather than to retain it. In its order of November 10, 1980, the Court considered those four factors in relation to this case and found that dismissal was not proper. The plaintiff, in his motion for reconsideration, urges the Court to reconsider the weighing of those factors as applied to the facts of this case in light of additional case authority which the plaintiff brings to the Court's attention.

As noted in this Court's earlier order, the factors to be considered in determining whether to dismiss this action due to the absence of an indispensable party include: first, to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder. While the plaintiff has raised by implication the argument that a judgment rendered between the parties to this action may now be prejudicial to a third party other than Leander Smith[1] since unit 1205, the ownership of which is in dispute, has also been sold by defendant, the Court will not focus its attention on that argument since the deposition in which that fact allegedly is contained is not a part of the record of this proceeding. The Court, however, will reconsider whether the third factor found in Rule 19(b), that of whether a judgment between the parties to this action will be adequate, demands dismissal.

Plaintiff, in his brief in support of his motion for reconsideration, has relied upon *Massachusetts and Southern Construction Company v. Cane Creek Township*, 155 U.S. 283, 15 S.Ct. 91, 39 L.Ed. 152 (1894), for the proposition that where the object of an action or suit is to recover the *possession of real* or personal property, the one in possession is a necessary and *indispensable* party to the action. In that case the Court held that a bank in possession of certain bonds of which the plaintiff claimed ownership was an indispensable party even though the bank acted as a mere escrow agent and claimed no interest in the bonds. Similarly, in *Wilson v. Oswego Township*, 151 U.S. 56, 14 S.Ct. 259, 38 L.Ed. 70 (1894), a case on which the Court relied in *Cane Creek Township*, it was held that the bailee of bonds was a necessary and indispensable party to

a case to determine the ownership of the bonds.

Having been alerted to these cases by plaintiff, the Court was able to locate two cases decided by the Fifth Circuit Court of Appeals even closer to the case at bar. In *Estes v. Shell Oil Co.*, 234 F.2d 847 (5th Cir. 1956), the court held that absent leasehold and royalty owners in a tract of land that produced oil were *not* indispensable, while in *Baten v. Nona-Fletcher Mineral Co.*, 198 F.2d 629 (5th Cir. 1952), the court held that grantees of 225 royalty acres of lands formerly held by the defendant corporation were indispensable. The Court will examine these two related cases with opposite holdings to determine which is more similar to the case at bar and then follow the appropriate precedent in determining whether to vacate the November 10, 1980 order entered herein and dismiss this case for lack of subject matter jurisdiction.

In *Estes* the plaintiff sought an accounting and a money judgment against defendant Shell Oil Company for the value of oil wrongfully taken from land in which the plaintiff owned an interest. Defendant moved to dismiss the complaint because of the alleged absence of indispensable parties assertedly owning both leasehold and royalty interests in the land claimed by plaintiff whose presence, if they should be brought in, would destroy diversity jurisdiction. Relying on *Hudson v. Newell*, 172 F.2d 848 (5th Cir. 1949), the court held that where the sole prayer for relief is for a money judgment and for injunctive relief as auxiliary thereto, it was error for the district court to dismiss the suit for want of indispensable parties where those parties had *interests* in the land which had given rise to the plaintiff's claims.

In *Baten* the plaintiff-shareholders brought an action against their corporation seeking to "annul" conveyances by the corporation of its mineral interests to a group of sixteen persons who had made a claim to the land from which the mineral interests arose. The plaintiffs argued that the conveyance by the corporation was illegal as an

---

[1]. Mr. Smith is the current occupant of unit 1203 and has acknowledged that the validity of his claim to that unit depends on the outcome of this suit.

*ultra vires* act. The grantees, all citizens of Texas as were the plaintiffs, were not joined as party defendants and the trial court dismissed for lack of indispensable parties since the addition of these parties would have destroyed diversity. The Fifth Circuit affirmed, stating: "The primary relief sought—cancelation of the deeds—will, if granted, directly and injuriously affect the rights of the grantees in said deeds. These grantees are therefore indispensable parties." 198 F.2d at 631.

While both *Estes* and *Baten* did not determine whether certain parties were indispensable after considering the four factors of the present Rule 19(b) since Rule 19(b) did not appear in its present form until 1966, those four considerations are a mere codification of the holdings of numerous cases which defined "indispensable parties." Thus, there is no reason to discredit the precedential value of these two cases because they defined indispensability prior to the promulgation of the present Rule 19(b).

The Court finds *Baten* to be closer factually to the case before the Court. In this case the primary suit is between the former owner of real property and a subsequent owner, and in *Baten* the primary case was between shareholders and their corporation for lands the corporation had conveyed. In both cases the persons in possession of the property were not joined as defendants. The *Baten* plaintiffs sought title to the land, as does Mr. Dameron in this case; in *Estes* the plaintiffs sought a money judgment, a difference which the court relied upon to distinguish *Baten*.

The court also finds the cases of *Doty v. St. Mary Parish Land Co.*, 598 F.2d 885 (5th Cir. 1979), and *Scoggins v. Fredrick*, 629 F.2d 426 (5th Cir. 1980), to be applicable. In *Doty* the court examined the question of whether a mineral lessee and certain royalty owners were indispensable parties within the meaning of Fed.R.Civ.P. 19 in a suit to try title to land. In *Scoggins* the court, *per curiam*, faced the similar question of wheth-

er a prior owner of a fee simple in land was an indispensable party to a suit against the transferee of a remainder in the land where the transfer of the remainder was alleged to be fraudulent. In both cases the court held that the third persons who claimed an interest in land other than the parties to the action were indispensable and the district courts had properly dismissed.

Having closely examined the holdings of *Baten, Doty*, and *Scoggins*,[2] the Court must find that the present possessors of the condominium units the ownership of which is in dispute herein are indispensable parties to this action. That being the case and it having been shown that at least one of the units is occupied by a resident of Georgia who if joined in this action would destroy the diversity jurisdiction of this Court, this Court's order of November 10, 1980, is hereby VACATED and this case is DISMISSED without prejudice to the plaintiff to refile it in a proper forum.

---

2. *See also Tewa Tesuque v. Morton*, 498 F.2d 240 (10th Cir. 1974) (holding that a judgment determining the rights of the parties to real property would be inadequate because it may invite additional lawsuits) and *Hill v. Carman*, 61 F.R.D. 583 (D.Del.1974) (holding party in possession of real estate should be joined).