**Mary Jane WEBB, Plaintiff,**

v.

**CLARION RESOURCES, INC., et al., Defendants.**

**Civ. A. No. CA–6–81–49.**

United States District Court, N. D. Texas, San Angelo Division.

Aug. 25, 1982.

Bill J. Helwig, Robert Lee, Tex., for plaintiff.

John Mark McLaughlin, San Angelo, Tex., for defendants.

## MEMORANDUM OPINION

WOODWARD, Chief Judge.

This case has been brought by plaintiff seeking cancellation of an oil and gas lease covering lands in Coke County, Texas. The defendant, Clarion Resources, Inc., removed the case from the 51st Judicial District Court of Coke County, Texas to this court and a motion to remand heretofore filed by the plaintiff has been denied. The ground for such denial was based upon the fact that the defendants, other than Clarion Re-
sources, Inc., were no longer the owners of any interest in the lease in question and that complete diversity existed between the plaintiff and Clarion Resources, Inc.

The plaintiff has now filed a motion to amend, stating that the amendment will name additional defendants, Coke Oil, Inc., a Texas corporation, and other owners of non-participating royalty interests under the lands in question. Of course, the amendment if allowed would destroy diversity jurisdiction and the court would be required to remand this case to the State District Court or to dismiss same for want of jurisdiction.

If the amendment is to be allowed, it must be under the provisions of Rule 19(b) of the Federal Rules of Civil Procedure. Rule 19(a), F.R.Civ.P., is not applicable since the persons sought to be joined in this case are not "feasible" defendants and their joinder would deprive the court of jurisdiction over the subject matter of the action. Rule 19(b) requires that the court include four factors in its consideration of whether or not to permit the amendment. These factors will be discussed under the factual outline of the case as it is now presented to the court by the pleadings and briefs of the parties.

Originally, Jane Powell Webb and C. N. Webb, Jr. executed an oil and gas lease covering the approximately 640 acres of land in question in this case. The pleadings indicate there has been one well drilled on the lease and that well was located on the 40 acre portion of the lease that is owned by the defendant, Clarion Resources, Inc., as the leasehold operator. The record in this case also establishes that the lease covering the remainder of the lands is owned by Coke Oil, Inc. as the leasehold owner. Plaintiff has alleged that the well drilled by Clarion Resources, Inc. will not perpetuate the lease because it was not timely drilled, and that royalties have not been paid and therefore the lease has expired by its own terms and provisions. Therefore, the answer to the questions of whether or not the well was timely drilled and whether or not royalties have been properly paid will deter-

mine not only the rights of Clarion Resources, Inc., but will be determinative of the right of the other defendant, Coke Oil, Inc., as the leasehold owner of its portion of the lands in question.

The factors required to be considered by the court in determining whether these additional defendants are necessary parties are as follows:

First: to what extent would a judgment rendered in the absence of Coke Oil, Inc. and the royalty owners be prejudicial to these parties? If Coke Oil, Inc. is not a party to the case, and should the fact finder determine that the well in question was not timely drilled, thereby voiding the lease, such a decision would be prejudicious to Coke Oil, Inc., because its rights to its portion of the lands covered by the lease are to be determined by the Clarion well. The findings in the suit, with only Clarion Resources, Inc. as a party defendant, might be highly prejudicial and adverse to the interests of Coke Oil, Inc. This same factual situation would be prejudicial to the rights of royalty owners.

Second: this court could not very well shape a judgment and place protective provisions therein to avoid any prejudice to the additional defendants. The plaintiff could very well plead that the issues of fact determining the case against Clarion Resources, Inc. were final and determinative and therefore applicable to the claim and rights of Coke Oil, Inc. and the royalty owners. Even though the court were to enter a judgment cancelling the lease only as to the portion of the lands owned by Clarion Resources, Inc., the facts concerning the well in question would control the rights of the additional defendants and this would especially be true of the rights of any royalty owners or overriding royalty owners who owned non-participating overriding royalty interests under the entire tract of land.

Third: a judgment that would be entered by this court if only Clarion Resources, Inc. were a defendant would not be adequate to determine the plaintiff's rights to have the lease cancelled as to the entire land covered by the original lease, including that portion now owned by Coke Oil, Inc., because this court could not divest Coke Oil, Inc. of its leasehold ownership unless it were a party to this suit.

Fourth: the plaintiff will have an adequate remedy if this action is dismissed for want of jurisdiction or remand to the State Court. The rights of the parties can be adequately determined in the 51st Judicial District Court of Coke County, Texas.

Under the above circumstances and findings, this court will remand this case for want of subject matter jurisdiction. Although no case has been cited to the court with the exact fact situation of this case, that is where there is divided ownership of the leasehold estate as to the lands covered thereby rather than undivided interests, the cases support the relief herein ordered: *Hilton v. Atlantic Refining Company*, 327 F.2d 217 (5th Cir. 1964), an owner of a non-participating royalty interest in land is an indispensable party; *Broussard v. Columbia Gulf Transmission Company*, 398 F.2d 885 (5th Cir. 1968), an owner of an undivided one-sixth interest in realty is an indispensable party to suit concerning removal of pipeline across the property; *Dameron v. Deer*, 88 F.R.D. 577 (D.C.Ga.1980), involving the ownership of two condominiums where the grantee in a deed thereto was not a party; *Doty v. St. Mary Parish Land Company*, 598 F.2d 885 (5th Cir. 1979), a suit to try title to a tract of land and holding that the mineral lessee and royalty owners were indispensable parties; *Scoggins v. Frederick*, 629 F.2d 426 (5th Cir. 1980), where the owner of a life estate in a tract of land was not made party to a suit to set aside a conveyance. In this case the additional defendants are necessary parties.

Defendant Clarion cites *Barr Rubber Co. v. Sun Rubber Co.*, 425 F.2d 1114 (2nd Cir. 1970, *cert. den'd*), to support its position that plaintiff's motion to amend and order remand should be denied because of the resulting delay in the trial of the case. In *Barr,* the motion to amend and add parties was made under Rule 20, F.R.Civ.P., and joinder there was permissive. In this case joinder of necessary parties is sought under Rule 19(b), F.R.Civ.P. The court does not

interpret Rule 19(b) as being discretionary with the trial court, but the cases cited in this memorandum indicate that joinder and remand ·or dismissal are mandatory when the additional defendants are necessary parties.

 The defendant Clarion also seeks attorney's fees in the amount of $500.00 as sanctions against plaintiff for failure to properly and timely respond to defendant's discovery. The court also notes that there has been and will be an unreasonable delay in the trial of this case caused by the failure of plaintiff, not only to timely and properly comply with discovery, but also in failing to promptly and timely file motions to amend and remand. These motions were filed after the case was set for trial. This delay and resulting expense to defendant could have been avoided had plaintiff, originally, or by proper and timely amendment, filed the correct pleadings without omitting necessary parties.

Accordingly the following final order is entered in this case:

1. Plaintiff shall pay $500.00 attorney's fees to the defendant as a sanction.

2. The case is here remanded to the 51st District Court of Coke County, Texas for all pretrial and trial purposes and the Clerk of this court shall transmit the entire file to the Clerk of that court.